THE STATE OF OHIO, APPELLANT, *v.* MANROSS ET AL., APPELLEES.

[Cite as State *v.* Manross (1988), 40 Ohio St. 3d 180.]

(Nos. 87-1530 and 87-1692—Submitted September 21, 1988—
Decided December 30, 1988.)

*Gregory J. Brown,* prosecuting attorney, and *Michael Franklin,* for appellant.

*Paul Mancino, Jr.,* for appellees.

MOYER, C.J.  The sole issue presented in this consolidated action is the determination of the appropriate standard for review of criminal convictions where the record shows that the trial court failed to inquire of co-defendants whether they wished to have separate counsel and where a potential conflict of interest arguably existed by reason of their joint representation by a single attorney.

Our analysis of the issues raised in this case must necessarily follow a two-tier approach. First, we determine whether the trial court must, as a matter of course, inquire of co-defendants whether they wish to have separate counsel. Second, we must determine the standard of review when the trial court fails to make this inquiry.

Unless the trial court knows or reasonably should know that a particular conflict exists or unless the defendant objects to multiple representation, the court need not initiate an inquiry into the propriety of such representation. *Cuyler* v. *Sullivan* (1980), 446 U.S. 335, 347. It is not constitutionally mandated that a trial court inquire of co-defendants whether they wish to have separate counsel. See *Perry, supra,* at 5. A trial court is not obligated to make an inquiry as a matter of course. An attorney representing multiple defendants in criminal proceedings is in the best position professionally and ethically to determine

when a conflict of interest exists or will probably develop in the course of the trial. *Holloway* v. *Arkansas* (1978), 435 U.S. 475. In the absence of special circumstances, it seems reasonable for the trial court to assume that multiple representation entails no conflict or that the lawyer and his clients knowingly accepted such risk of conflict as may be inherent in such a representation. *Cuyler, supra,* at 346-347.

Here, the trial court did not inquire of the appellees whether they wished to be jointly represented nor did the appellees raise any objections to joint representation. Since it is not constitutionally mandatory for a trial court to make an inquiry, its failure to do so may not amount to an error. However, as the court observed in *Cuyler, supra,* at footnote 10, the better practice is to make a prompt inquiry and advise each defendant of his or her right to effective assistance of counsel, including separate representation as mandated by Fed. R. Crim. P. 44(c).[2]

In order to establish a violation of his Sixth Amendment right to effective assistance of counsel, a defendant who raised no objection to joint representation at trial must demonstrate that an actual conflict of interest adversely affected his lawyer's performance. *Cuyler, supra,* at 348. Until he does so, he has not established the constitutional predicate for his claim of ineffective assistance of counsel. *Id.* at 350. A reviewing court cannot presume that the possibility for conflict resulted in ineffective assistance of counsel. The mere possibility of a conflict of interest is insufficient to impugn a criminal conviction. Further, a presumption of ineffective assistance of counsel in every instance of multiple representation would preclude multiple representation even in cases where a common defense gives strength against a common attack. *Glasser* v. *United States* (1942), 315 U.S. 60, 92.

Since the trial court failed to inquire of appellees whether they wished to have separate counsel, they must show that an actual conflict of interest adversely affected their lawyer's performance in order to prevail.

"The term 'conflict of interest' bespeaks a situation in which regard for one duty tends to lead to disregard of another. The obvious example of this is representation of clients with incompatible interests." *Goitia* v. *United States* (C.A. 1, 1969), 409 F. 2d 524, 527. A lawyer represents conflicting interests when, on behalf of one client, it is his duty to contend for that which duty to another client requires him to oppose. *Columbus Bar Assn.* v. *Grelle* (1968), 14 Ohio St. 2d 208, 43 O.O. 2d 305, 237 N.E. 2d 298. There is no conflict where the two defenses did not result in one assigning blame to the other and where both defendants had a common interest in attacking the credibility of the prosecution witnesses. *Kaplan* v. *Bombard* (C.A. 2, 1978), 573 F. 2d 708. Here, the defenses presented by appellees were

---

[2] Fed. R. Crim. P. 44(c) provides:

"Whenever two or more defendants have been jointly charged pursuant to Rule 8(b) or have been joined for trial pursuant to Rule 13, and are represented by the same retained or assigned counsel or by retained or assigned counsel who are associated in the practice of law, the court shall promptly inquire with respect to such joint representation and shall personally advise each defendant of the right to the effective assistance of counsel, including separate representation. Unless it appears that there is good cause to believe no conflict of interest is likely to arise, the court shall take such measures as may be appropriate to protect each defendant's right to counsel."

not in conflict. Rose Manross presented a defense of lack of knowledge of her son's activities and lack of intent to commit the crime of trafficking in drugs. According to the state, her son, Russell Manross, presented a defense akin to entrapment. As in *Kaplan, supra,* both defendants attacked the credibility of prosecution witnesses. As the court noted in *Kaplan,* to the extent that each defendant impugned the credibility of the prosecution witnesses, it aided the defense of the other. *Kaplan, supra,* at 713. There is no conflict in the defenses presented by the appellees, so it cannot be said that access to another lawyer was necessary to assure appellees a fair trial. Cf. *People* v. *Macerola* (1979), 47 N.Y. 2d 257, 264-265, 41 N.Y. Supp. 2d 908, 912, 391 N.E. 2d 990, 994.

Appellees assert that an actual conflict existed because Rose Manross was charged in one count of the indictment and testified during the trial, whereas Russell Manross was charged with multiple counts and did not testify. Appellees' argument is not well-taken.

The fact that Rose Manross was charged in one count, while Russell Manross faced several, is not in itself evidence of an actual conflict of interest. The differing degrees of proof against Rose and Russell Manross are in themselves insufficient to establish an actual conflict of interest. At best, they are a basis for speculation. *United States* v. *Miller* (C.A. 1, 1972), 463 F. 2d 600, 602, citing to *United States, ex rel. Ross,* v. *LaVallee* (C.A. 2, 1971), 448 F. 2d 552, 555.

We next consider the second element of the argument. A decision not to have Russell Manross testify may have been a matter of sound trial strategy, particularly where there is no indication that he could have given exculpatory testimony in his own defense. *Smith* v. *Regan* (C.A. 2, 1978), 583 F. 2d 72, at 76. Counsel's decision to concentrate on the credibility of narcotics agents was a matter of sound trial tactics.

For the foregoing reasons, we hold that a trial court is not constitutionally mandated to inquire of criminal codefendants whether they wish to be jointly represented by the same counsel. Even though the court is not required to make this inquiry, its judgment will be reversed if an appealing defendant shows that an actual conflict adversely affected counsel's representation of said defendant.

Accordingly, we reverse the judgment of the court of appeals and reinstate the judgment of the trial court.

*Judgment reversed.*

SWEENEY, LOCHER, HOLMES, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.