Wednesday, February 1, 1989

## MOTION DOCKET

**87-192.** State v. Coleman. *Hamilton County*, No. C-850340. Upon consideration of the motion filed by counsel for appellant to stay the execution of sentence in the above-styled cause pending the exhaustion of state post-conviction remedies, IT IS ORDERED by the court that said motion be, and the same is hereby, granted, effective January 26, 1989.

IT IS FURTHER ORDERED by the court that said stay is granted for a period of six months to allow appellant an opportunity to file a petition for post-conviction relief. Absent such a filing within said time period, this stay will expire, and no further time will be granted except in unusual circumstances.

IT IS FURTHER ORDERED by the court that if a petition for post-conviction relief has been filed within the time allotted, a date-stamped copy of such petition shall be filed by appellant with the Clerk of this court, and this stay shall remain in effect until exhaustion of all state post-conviction proceedings, including any appeals.

IT IS FURTHER ORDERED by the court that the compliance with the mandate and execution of sentence be, and the same are hereby, stayed for a period of six months or, if a petition for post-conviction relief is filed within that time period, pending the exhaustion of all proceedings for post-conviction relief before courts of this state.

**87-243.** State v. Poindexter. *Hamilton County*, No. C-850394. Upon consideration of the motion filed by counsel for appellant to stay the execution of sentence in the above-styled cause pending the exhaustion of state post-conviction remedies, IT IS ORDERED by the court that said motion be, and the same is hereby, granted, effective January 26, 1989.

IT IS FURTHER ORDERED by the court that said stay is granted for a period of six months to allow appellant an opportunity to file a petition for post-conviction relief. Absent such a filing within said time period, this stay will expire, and no further time will be granted except in unusual circumstances.

IT IS FURTHER ORDERED by the court that if a petition for post-conviction relief has been filed within the time allotted, a date-stamped copy of such petition shall be filed by appellant with the Clerk of this court, and this stay shall remain in effect until exhaustion of all state post-conviction proceedings, including any appeals.

IT IS FURTHER ORDERED by the court that the compliance with the mandate and execution of sentence be, and the same are hereby, stayed for a period of six months or, if a petition for post-conviction relief is filed within that time period, pending the exhaustion of all proceedings for post-conviction relief before courts of this state.

## REHEARING DOCKET

**87-1530, 87-1692.** State v. Manross. *Ashtabula County*, No. 1295. Reported at 40 Ohio St. 3d 180, 532 N.E. 2d 735. On motion for rehearing. Rehearing denied.

## DISCIPLINARY DOCKET

**C.F. 88-3.** In re Application of Holzhauser. This cause came on for consideration upon Gillian K. Holzhauser's motion for permission to take the February 1989 bar examination. Upon consideration thereof, IT IS ORDERED by the court that said motion be, and the same is hereby, granted, effective January 26, 1989, provided, however, that the results of the bar examination be sealed and not released unless and until, by further order of this court, applicant receives final approval of her character, fitness and moral qualifications for the practice of law.