The STATE of Ohio, Appellee,

v.

WALKER, Appellant.

[Cite as *State v. Walker* (1998), 130 Ohio App.3d 247.]

Court of Appeals of Ohio,
Ninth District, Lorain County.

No. 97CA006871.

Decided Oct. 21, 1998.

*Gregory White,* Lorain County Prosecuting Attorney, for appellee.

*Daniel G. Wightman,* for appellant.

REECE, Judge.

Defendant Kenneth Walker was convicted in the Lorain County Common Pleas Court of felonious assault, resisting arrest, driving under the influence of alcohol, driving with a prohibited breath alcohol content, and reckless operation. He has timely appealed and has argued that he was denied his right to effective assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution. Specifically, defendant has argued that the trial court erred by not holding a hearing to determine whether trial counsel had an actual conflict of interest because she was under indictment at the time of trial. This court affirms defendant's convictions.

I

Defendant was indicted by the Lorain County Grand Jury on February 28, 1996 for two counts of·felonious assault, one count of resisting arrest, driving under the influence, driving with a prohibited breath alcohol content, and reckless operation. These charges stemmed from an incident between defendant and his wife on January 13, 1996, at the Cardis Bowling Alley in Elyria, Ohio. Two Elyria Police officers responded to a report of a "disturbance in progress," and found defendant sitting in his vehicle with the engine running. As the officers approached, defendant began driving the car in reverse toward one of the officers. He then proceeded forward, striking the second officer, causing him to roll onto the hood of the car. The officer held on to the hood of the car and was able to use his flashlight to break the windshield and obstruct defendant's view.

Defendant stopped the vehicle, and then refused to get out of his car. Defendant was removed from the car by three officers, and placed under arrest.

Attorney Mary Papcke entered an appearance as retained counsel for defendant on May 24, 1996. Attorney Papcke proceeded to represent defendant at various pretrial hearings and conferences. Prior to the commencement of the jury trial, attorney Papcke was indicted by the Lorain County Grand Jury on ten counts of forgery, a violation of R.C. 2913.31(A)(3). Defendant's case proceeded to trial on July 9, 1997. During *voir dire*, attorney Papcke brought her pending indictment to the court's attention outside the presence of the potential jurors. She indicated to the court that it should inquire of the prospective jurors as to whether they had any knowledge of her pending criminal case. Defendant was present in the courtroom during this conversation and did not object to counsel's continued representation, nor did he claim a conflict of interest. The court proceeded to ask the prospective jurors if they had any knowledge about any of the parties or their attorneys that would possibly affect their duties as jurors. None of the prospective jurors responded to the court's inquiry. A jury was empaneled, and the case proceeded to trial. Defendant was convicted and has timely appealed.

## II

### Assignment of Error

"The trial court erred to the prejudice of the defendant by not conducting a hearing to determine that the defendant's trial counsel had an actual conflict of interest representing the defendant because she was under indictment by the same Prosecutor's office and her performance as counsel was adversely affected by the conflict of interest in violation of the defendant's right to counsel under the Sixth Amendment of the Constitution of the United States."

Defendant argues in his sole assignment of error that the trial court erred by not conducting a hearing to determine whether his trial counsel had an actual conflict of interest. This court disagrees.

In *State v. Gillard* (1992), 64 Ohio St.3d 304, 595 N.E.2d 878, the Ohio State Supreme Court set forth the standard to determine whether the trial court has a duty to inquire whether a conflict of interest exists:

"Where a trial court knows or reasonably should know of an attorney's possible conflict of interest in the representation of a person charged with a crime, the trial court has an affirmative duty to inquire whether a conflict of interest actually exists. The duty to inquire arises not only from the general principles of fundamental fairness, but from the principle that where there is a

right to counsel, there is a correlative right to representation free from conflicts of interest." *Id.* at syllabus.

This court explained the trial court's duty to inquire in *State v. Ingol* (1993) 89 Ohio App.3d 45, 48, 623 N.E.2d 598, 599–600:

"When reviewing a claim of conflict of interest, this court must resolve two distinct issues. The first issue is whether the trial court had a duty to investigate the potential conflict of interest. See *State v. Gillard* (1992), 64 Ohio St.3d 304, 595 N.E.2d 878, syllabus. If the answer to that inquiry is affirmative and the trial court did not make such an inquiry, then the case must be remanded to the trial court for its inquiry as to whether an actual conflict of interest existed. *Id.* at 312, 595 N.E.2d at 883. If the answer to that inquiry is negative, then this court must determine whether an actual conflict of interest adversely affected the attorney's performance. *State v. Manross* (1988), 40 Ohio St.3d 180, 532 N.E.2d 735, syllabus, certiorari denied (1989), 490 U.S. 1083, 109 S.Ct. 2106, 104 L.Ed.2d 667."

Thus, the first level of the analysis requires a trial court to inquire whether a conflict of interest actually exists if the court knows or reasonably should know of an attorney's possible conflict of interest in the representation of a person charged with a crime. *Ingol* at 49, 623 N.E.2d at 600, citing *Gillard, supra,* at syllabus. In the instant case, defendant failed to raise the issue of a conflict before the trial court. Trial counsel did not raise the issue of a possible conflict by bringing her pending indictment to the attention of the trial court. Counsel's inquiry was directed merely toward eliciting from the potential jurors whether they had any information that would prohibit them from listening to the evidence and deliberating fairly and impartially. In addition, defendant was present during the conversation between counsel and the court regarding counsel's pending indictment. He neither objected to her continued representation nor raised the issue of a potential conflict before the trial court. Under these circumstances, we cannot say that the trial court knew or should have known of any possible conflict of interest of trial counsel, thereby necessitating a hearing.

This court must now determine whether an actual conflict of interest adversely affected trial counsel's performance. In *Cuyler v. Sullivan* (1980), 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333, the Supreme Court held that where no objection is raised before the trial court, the defendant bears the burden of demonstrating on appeal an actual conflict of interest that adversely affected his Sixth Amendment right to counsel. *Id.* at 348, 100 S.Ct. at 1718–1719, 64 L.Ed.2d at 346–347. "[T]he possibility of conflict is insufficient to impugn a criminal conviction." *Id.* at 350, 100 S.Ct. at 1719, 64 L.Ed.2d at 348. In the case *sub judice,* defendant concedes in his brief to this court that trial counsel's

representation was not affected by an actual conflict of interest. In addition, the authority defendant relies upon is factually distinguishable from the case at bar.

In *United States v. McLain* (C.A.11, 1987), 823 F.2d 1457, trial counsel was being investigated by the United States Attorney's office at the time of the defendant's pretrial conferences and plea negotiations. The court held that an actual conflict of interest affected counsel's ability to zealously advocate his client's position and to seek a favorable negotiated plea agreement because of the pending investigation. *Id.* at 1464. In this case, trial counsel was retained and represented defendant at the pretrial conferences prior to her indictment. The indictment was not issued until after the pretrial conferences were completed and the case was set for trial. Thus, her ability to effectively negotiate on defendant's behalf cannot be called into question as in *McLain*. Additionally, during *voir dire*, the trial court properly inquired of the potential jurors whether they had any knowledge of the parties or their attorneys that would adversely affect their ability to fairly and impartially hear the case. The potential jurors denied having any such knowledge. Based upon the facts of this case, defendant has failed to establish that he was prejudiced by an actual conflict of interest. Accordingly, his assignment of error is overruled.

### III

Defendant's assignment of error is overruled. His convictions in the Lorain County Common Pleas Court are affirmed.

*Judgment affirmed.*

BAIRD, P.J., concurs.

CARR, J., concurs in judgment only.

CARR, Judge, concurring in judgment only.

I concur in judgment only since I feel the trial court reasonably should have known of trial counsel's possible conflict of interest. However, since trial counsel's representation was not affected by an actual conflict of interest, remand to the trial court for inquiry as to whether an actual conflict exists, as required by *Ingol,* would serve no purpose.