DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant, Thomas R. Harris, appeals from his conviction for complicity to commit theft in office, in violation of R.C.2923.03(A)(2) and 2921.41(A)(2), by the Lorain County Court of Common Pleas. We affirm.
On March 5, 1997, Defendant and co-defendant, Angel Lozano, were indicted by the Lorain County Grand Jury. Mr. Lozano was charged with one count of theft in office in violation of R.C.2921.41(A), and Defendant was charged with aiding and abetting Mr. Lozano in committing the offense of theft in office. On April 28, 1998, Defendant and Mr. Lozano were tried jointly in a bench trial, both defendants having waived their right to a jury trial. Mr. Lozano was found guilty of theft in office and Defendant was found guilty of complicity to theft in office. Defendant was sentenced to three years of community control, sixty days of electronic monitoring, and a fine of $3,000.00. Defendant was also ordered to make restitution to the City of Lorain. Defendant timely appealed and has raised five assignments of error for review. The assignments of error have been rearranged for ease of discussion.
ASSIGNMENT OF ERROR I
 Defendant was denied due process of law when an improper jury waiver was accepted.
Defendant has argued that the trial court erred by accepting the waiver of the right to a jury and by not personally conducting a colloquy with each defendant and thereby inquiring as to whether or not they were fully apprised of their right to a jury trial. Because Defendant did not object or raise these issues in the trial court, the plain error standard of review of Crim.R. 52(B) is applicable to our consideration. Plain error does not exist unless it can be said that but for the error, the outcome below would clearly have been otherwise. State v. Long (1978), 53 Ohio St.2d 91, paragraph two of the syllabus.
Pursuant to Crim. R. 23(A), a defendant may knowingly, intelligently and voluntarily waive his right to a jury trial. The waiver "shall be in writing, signed by the defendant, and filed in said cause and made a part of the record thereof." R.C.2945.05. A trial court is not required to interrogate a defendant to determine their knowledge about their right to a jury trial. "While it may be better practice for the trial judge to enumerate all the possible implications of a waiver of a jury, there is no error in failing to do so." State v. Jells (1990),53 Ohio St.3d 22, 25-26.
Upon review of the record, we find that Defendant's waiver of his right to a jury trial complied with the requirements as set forth in R.C. 2945.05 and Crim. R. 23(A). The written jury waiver was signed by Defendant on the date of the trial, witnessed by the trial judge, and filed with the Lorain County Court of Common Pleas the same date. The record further shows that following an inquiry by the court, Defendant's counsel made the following statement:
 I have conferred with [Defendant] and Mr. Lozano. Each understands his right to be tried to a jury of 12 persons and the right to be found not guilty unless those 12 persons were to find beyond a reasonable doubt that they were guilty.
 Understanding that constitutional [and] statutory right, they wish to waive that right and try this matter to the court.
 In light of the facts that the waiver complied with the requirements of R.C. 2945.05 and Crim.R. 23(A), and that Defendant, through counsel, assured the court that he was aware of his right and was knowingly waiving such right, we find no error, plain or otherwise. Defendant's first assignment of error is overruled.
ASSIGNMENT OF ERROR II
 Defendant was denied due process of law when the court failed to conduct an inquiry about the joint representation of Defendant and co-defendant.
ASSIGNMENT OF ERROR V
 Defendant was denied the effective assistance of counsel.
Defendant has argued that the trial court erred by failing to inquire about a possible conflict of interest arising from the joint representation of Defendant and Mr. Lozano. He has further argued that this joint representation denied him effective assistance of counsel. Defendant did not object to the joint representation at trial.
The Supreme Court of Ohio has held:
 A trial court is not constitutionally mandated to inquire of criminal co-defendants whether they wish to be jointly represented by the same counsel. However, the better practice is to make a prompt inquiry and advise each defendant of his or her right to effective assistance of counsel[.] * * * Even though the court is not required to make this inquiry, its judgment will be reversed if an appealing defendant shows that an actual conflict adversely affected counsel's representation of said defendant.
State v. Manross (1988) 40 Ohio St.3d 180, syllabus. "A reviewing court cannot presume that the possibility for conflict resulted in ineffective assistance of counsel. The mere possibility of a conflict of interest is insufficient to impugn a criminal conviction." Id. at 182, citing Glasser v. United States (1942),315 U.S. 60, 92, 86 L.Ed. 680, 710-11. Furthermore, the Supreme Court has stated that where there is multiple representation in a case, "[i]n order to establish a violation of [the] Sixth Amendment, a defendant * * * must demonstrate that an actual conflict of interest adversely affected his lawyer's performance."Cuyler v. Sullivan, (1980) 446 U.S. 335, 350, 64 L.Ed.2d 333,348. Therefore, in order to establish either an error on the part of the trial court or ineffective assistance of counsel, Defendant must show an actual conflict of interest existed in the course of his representation.
An actual conflict of interest exists if, "during the course of the representation, the defendants' interests do diverge with respect to a material factual or legal issue[.]" State v. Dillon
(1995), 74 Ohio St.3d 166, 169, quoting Cuyler, 446 U.S. at 356,64 L.Ed.2d at 352 fn. 3. In order to demonstrate an actual conflict of interest based upon an attorney's actions or inaction, Defendant must be able to establish two elements. State v. Gillard
(1997), 78 Ohio St.3d 548, 553. First, he must demonstrate that an alternative strategy or tactic could have reasonably been presented. Id. quoting United States v. Fahey (C.A.1, 1985),769 F.2d 829, 836. It is not necessary for Defendant to prove that the defense theory would have been successful, but the alternative theory must be a viable alternative. Gillard, supra. Second, Defendant must prove that the alternative defense strategy was "inherently in conflict with or not undertaken due to the attorney's other loyalties or interests." Gillard quoting UnitedStates v. Fahey (C.A.1, 1985), 769 F.2d 829, 836.
While Defendant has pointed out alleged errors in the trial counsel's defense strategy, he has failed to demonstrate how these strategy decisions were motivated by split loyalties or other interests. Defendant has also failed to identify an alternative strategy or theory for his defense that could have been undertaken. As Defendant has not shown an actual conflict of interest to exist, the trial court's failure to inquire into any possible conflict was not in error. Additionally, as an actual conflict was not shown, Defendant's claim of ineffective assistance of counsel must fail. Defendant's second and fifth assignments of error are without merit and are hereby overruled.
ASSIGNMENT OF ERROR III
 Defendant was denied due process of law when he was convicted on an indictment which failed to charge an offense.
Defendant has argued that the indictment upon which he was charged failed to state an offense and violated Defendant's constitutional rights by precluding him from knowing the nature and cause of the accusations against him. Defendant's assertions are without merit.
A count of an indictment "is sufficient if it contains in substance, a statement that the accused has committed some public offense therein specified." R.C. 2941.05. See, also, Crim.R. 7(B). The indictment may use the wording of the applicable Ohio Revised Code section or any words sufficient to give the accused notice of the offense of which he is charged. R.C. 2941.05; Crim.R. 7(B).
The indictment through which Defendant was charged reads as follows:
 The Jurors of the Grand Jury of the State of Ohio, within and for the body of the County aforesaid, on their oaths, IN THE NAME AND BY THE AUTHORITY OF THE STATE OF OHIO, Do find and present, that the above named Defendant(s), in the County of Lorain, unlawfully on or about December 5, 1996, did, knowingly act with the kind of culpability required for the commission of an offense, aid or abet Mark Tagliavoni, Angel Lozano, and Mitchell Mendell in committing the offense of Theft in Office, in violation of Section 2923.03(A)(2) of the Ohio Revised Code, a Felony in the Fourth Degree, contrary to the form of the statute in such case made and provided, and against the peace and dignity in the State of Ohio.
The indictment was later amended, without objection, to change the date from December 5, 1996, to the period of December 2, 1996 through December 9, 1996. The indictment clearly sets forth the crime with which Defendant was charged, the period of time in which the alleged crime occurred, and the other parties involved in the crime. Defendant had sufficient notice of the nature of the offense charged in the indictment. Defendant's third assignment of error is without merit and is hereby overruled.
ASSIGNMENT OF ERROR IV
 Defendant was denied due process of law when he was convicted of complicity to theft-in-office.
Defendant has argued that the evidence presented at trial was insufficient to support his conviction as a matter of law. This contention lacks merit.
The Supreme Court of Ohio has articulated the following standard of review to determine the sufficiency of the evidence in a criminal case:
 An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. See, also, State v. Thompkins, 78 Ohio St.3d 380, 386;State v. Feliciano (1996), 115 Ohio App.3d 646, 652-53.
Defendant was charged with aiding and abetting the commission of the offense of theft in office. The evidence at trial established that Mr. Lozano was an employee of the City of Lorain in the Water Department. There was also testimony that Defendant was employed by the City in the Parks Division. Mr. Lozano and potentially Defendant had access to the area in which old water meters are kept until disposed of by the city. The evidence established that a dump truck load of old meters were taken to the scrap yard at "Scrappies." Mr. Lozano was identified by numerous witnesses as the individual who arranged the sale with the representatives of Scrappies. Defendant was identified as the owner and driver of the truck that delivered the stolen water meters to the scrap yard. It was firmly established that neither Defendant nor Mr. Lozano had permission to dispose of the water meters for the city.
As an employee of the City of Lorain, Mr. Lozano was found guilty of theft in office. Defendant assisted in the completion of this crime by transporting and delivering the stolen goods in his truck to the scrap yard where the stolen merchandise was to be sold. The evidence is sufficient to establish complicity to theft in office. Defendant's fourth assignment of error is without merit and is overruled.
Defendant's assignments of error are overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
 KK
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
LYNN C. SLABY, FOR THE COURT
WHITMORE, J. and BATCHELDER, J. CONCUR