OPINION
Karen Kersey appeals from the judgment of the Miami County Common Pleas Court which denied her post-conviction relief petition without a hearing.
In November 1997, Kersey was indicted along with twelve others for engaging in a pattern of corrupt activity in violation of R.C.2923.32(A)(1). The enterprise allegedly engaged in distributing controlled substances. In a bill of particulars, the State alleged that Kersey engaged in a series of marijuana transactions with co-defendant Carl Faehl. The docket and journal entries reflect that Attorney Howard Swinehart represented co-defendant Carl Faehl and the appellant at the time the bill of particulars was furnished. Later the docket reflects that Swinehart represented co-defendant Kevin Kirk and the appellant.
The State represents to us and the appellant does not dispute that the charges against Faehl were dismissed in December 1997 and Faehl was federally indicted for the same conduct in January 1998.
The matter then proceeded to trial with Swinehart representing both Kirk and the appellant. Appellant was convicted and her conviction was affirmed by this court on January 22, 1999. In her appeal, Kersey did not dispute the evidence that she engaged in drug transactions with Faehl but denied she was associated with any criminal enterprise.
In April 2000, Kersey filed her petition for post-conviction relief. In an accompanying memorandum, counsel states the following pertinent matter:
 In this case, the defendant was unable to discover the facts upon which she relies to present this claim. In the attached affidavit, appellant notes that at the trial of this case she was represented by an attorney who also represented two of her codefendants. The affidavit also alleges that the defendant wanted to accept a plea bargain, but that she was dissuaded from doing so by her attorney. He told her that she need not worry about incarceration because she was innocent. Finally, the affidavit notes that the attorney told her that because he represented the two codefendants, he did not want the defendant to testify against them. These allegations, if found true, would clearly amount to ineffective assistance. Moreover, and as also demonstrated in the affidavit, the defendant only recently learned that such dual representation constituted a conflict of interest.
* * *
 According to the attached affidavit, early on in this case the police approached the defendant and asked her to testify for the state as a witness against other members of the conspiracy. Prior to trial, the defendant repeatedly told her trial lawyer that she wanted to "work something out;" she was willing to cooperate with the prosecution so long as she would not be incarcerated. However, the defense attorney insisted that the defendant take her case to trial. He assured her that she would be found not guilty. He also told her not to cooperate with the police because her testimony would incriminate two other defendants in the conspiracy who this attorney also represented: Kevin Kirk and Carl Faehl. Appellant submits that in this case her conviction should be set aside because the attorney's actions constituted ineffective assistance of counsel.
 The affidavit submitted by Karen Kersey makes no mention of the salient facts asserted in the memorandum.
In overruling the petition, the trial court noted no conflict of interest existed due to Swinehart's representing Faehl and Kersey because Faehl's indictment had been dismissed.
In a single assignment of error, Kersey contends the trial court erred in denying her petition without granting her a hearing.
Pursuant to R.C. 2953.21(C), a trial court properly denies a defendant's petition for postconviction relief without holding an evidentiary hearing where the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief. State v. Calhoun (1999), 86 Ohio St.3d 279.
Kersey admits in her brief that the trial judge discussed her attorney's co-representation of Kirk and herself, but there was no discussion of Swinehart's representation of Faehl. The State notes that Faehl's case was dismissed in December 1997, two months before Kersey and Kirk's trial. The State also notes the record is clear that the trial court inquired about Swinehart's representation of Kirk and Kersey, and that both defendants waived any conflict of interest in open court. Kersey does not dispute this assertion.
In order to establish a violation of his Sixth Amendment right to effective assistance of counsel, a defendant who raised no objection to joint representation at trial must demonstrate that an actual conflict of interest adversely affected his lawyer's performance. Cuyler v. Sullivan
(1980), 446 U.S. 335, 347. A reviewing court cannot presume that the possibility for conflict resulted in ineffective assistance of counsel. The mere possibility of a conflict of interest is insufficient to impugn a criminal conviction. State v. Manross (1988), 40 Ohio St.3d 180.
The trial record does not portray that Kirk and Kersey had inconsistent or antagonistic defenses. Ms. Kersey's affidavit did not allege the facts asserted in her lawyer's memorandum. In short, Kersey failed to produce the operative facts to establish substantive grounds for post-conviction relief. The assignment of error must be overruled. The judgment of the trial court will be Affirmed.
WOLFF, P.J., and YOUNG, J., concur.