OPINION
This is an appeal from the Holmes County Common Pleas Court decision denying a Civ.R. 60(B)(5) motion for relief from judgment of appellants.
While appellee's brief argues that appellants failed to submit evidence of a claim of a meritorious defense and timely filing of the Civ.R. 60(B) motion, (See GTE Automatic Electric v. ARC Industries, Inc. (1976),47 Ohio St.2d 146; Blasco v. Mislik (1982), 69 Ohio St.2d 684), the transcript testimony by Augustine Wadian of an assertion that appellants caused additional trees to be marked provides the court with a claim of a meritorious defense. As to timely filing, appellee's assertion that no testimony was presented as to the date of knowledge of the lien obtained through attempted refinancing is controverted, as the record shows that Robin Wadian testified that such occurred at the end of July or early August. (Tr. at 27.)
Therefore, sufficient testimony, if accepted by the court, would support a basis for these two required aspects of Civ.R. 60(B).
The actual sole issue, therefore, in this cause is whether service of the complaint was properly issued to 14000 Lincoln Street, Lot 31, Minerva, Ohio, or whether such was not the proper address of appellants at the time service was made. No dispute is raised as to the method of service attempted by appellee under Civ.R. 4 or the compliance thereof by the Clerk of Courts.
 Appellants raise only one Assignment of Error: ASSIGNMENT OF ERROR: THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING A MOTION FOR RELIEF FROM DEFAULT JUDGMENT WHERE THE OPERATIVE FACTS AND AFFIDAVITS ACCOMPANYING THE MOTION FOR RELIEF FROM JUDGMENT SATISFY THE REQUISITE GROUNDS FOR SUCH RELIEF.
 I.
Appellants claim that the trial court's denial of their motion for relief from default judgment was an abuse of discretion. We disagree.
The standard of abuse of discretion is that in order to find such, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable, and not merely an error of law or judgment.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. We must look at the totality of the circumstances of the case sub judice and determine whether the trial court acted unreasonably, arbitrarily or unconscionable.
The trier of fact has the principal responsibility for determining the credibility of the witnesses and the relative weight attributable to their testimony. State v. Jamison (1990), 40 Ohio St.3d 182, cert. denied, (1990) 498 U.S. 881.
At the Civ.R. 60(B) hearing, the court had before it the affidavits of appellants, their testimony and that of others, and evidence of the commencement date of telephone service at a Massillon, Ohio, address.
It also had conflicting testimony by appellants as compared to that of appellee's witnesses, as to receipt of mail, location and time of residence occupation. Through cross-examination of Tom Uhler, an attempt was made to indicate the possibility that Augustine Wadian was not truthful.
The court in consideration of all of this testimony and the credibility of the witnesses, had a sufficient basis for its decision. This court, therefore, disagrees with appellants' Assignment of Error, as it finds that the decision below was not unreasonable, arbitrary or unconscionable.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Holmes County Court of Common Pleas is affirmed. Costs to appellants.
Boggins, J. Edwards, P.J. and Hoffman, J. concur.