OPINION
This is an appeal from the Common Pleas Court of Fairfield County, Domestic Relations Division.
 STATEMENT OF THE FACTS AND CASE
The parties were married on February 14, 2000 with a divorce action filed four months later on June 15, 2000.
Prior to the marriage they executed a pre-nuptial agreement (Ex. A), that portion of which we are concerned provided that debts occurring during marriage, as opposed to gifts, must have evidence in writing.
The trial court accepted a writing, as supported by other evidence, as being in compliance with such premarital agreement. This decision, as it relates to such writing and its altered state, forms the basis of the First and Second Assignments of Error. The Third Assignment of Error concerns certain furniture which became lost or missing during the pendency of such divorce action.
 ASSIGNMENTS OF ERROR I. IT IS ERROR TO REWARD A PARTY WHO HAS SUBMITTED FALSE EVIDENCE BY GRANTING HIS CLAIM FOR MONEY SET FORTH ON THE ALTERED DOCUMENT.
 II. IT IS ERROR TO GRANT A MONETARY AWARD FOR MONEY TRANSFERRED WHICH WAS NOT EXPECTED TO BE REPAID.
 III. IT IS ERROR TO DISALLOW A CLAIM FOR PERSONAL PROPERTY THAT HAS BEEN TRANSFERRED IN VIOLATION OF A RESTRAINING ORDER.
 I., II.
While appellant asserts that appellee gave false evidence as to such indebtedness and that no repayment was expected, it is for the court to decide the value of the testimony and credibility. State v. Jamison
(1990), 40 Ohio St.3d 182. Also the admissibility of exhibits are within the discretion of the court. Krischbaum v. Dillon (1991), 58 Ohio St.3d 58,Rigby v. Lake City (1991), 58 Ohio St.3d 260. The trial court's ruling on such matters will not be reversed absent an abuse of discretion.
In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217. We must look at the totality of the circumstances in the case sub judice and determine whether the trial court acted unreasonably, arbitrarily or unconscionably.
The First and Second Assignments of Error deal with the requirement of the pre-nuptial agreement, which states at paragraph 11:
 11. Linda Latorre and Lowell Clark shall each be solely responsible for all debts and/or obligations he/she incurred prior to the marriage. However, if either party voluntarily pays any debts or expenses of the other party from his or her separate funds without any written agreement as to reimbursement or without reimbursement taking place within the same calendar year, the party paying such debts or expenses from his or her separate fund shall have no right of reimbursement.
While there is no question that the writing in plaintiff's Exhibit F and attached to Exhibit E has been altered and, standing alone, may fail, due to the alterations, as a required writing, the trial court found:
* * *
 15. The Plaintiff testified to loans made to the Defendant in the amount of $5,917, $3,914, $154 and $645 paid to Central Ohio Awnings (Exhibit E). Plaintiff specifically denied that these were gifts. Plaintiff further testified, as noted previously, as to the amount of his contribution to 520 E. Walnut Street. Plaintiff further testified that Exhibit F was a correct and true copy of a Note signed by the Defendant referencing these loans.
 16. The Court finds that the most convincing piece of evidence relating to this dispute is Defendant's own handwritten notes, Exhibit P, where she references the amounts of $3,900, $5,500 and $692 referenced for "awnings". The Court finds that the amount of $3,914 was a loan. The Court further finds that the amount of $5,917 was loaned by Plaintiff to Defendant. The Court finds that $645 was loaned to Defendant. The Court finds that the Plaintiff's Exhibit F is writing referencing these loans. With regard to the Prenuptial Agreement, which requires a writing, the Court finds that it has been satisfied for two reasons, the first of which is pursuant to the prior finding. More importantly, the Prenuptial Agreement specifically refers to amounts paid directly to third parties on behalf of the spouse which was not done in this scenario, (except the $645 for awnings for which there is a receipt) the amounts being given directly to the Defendant. For the foregoing reason, the Court finds that Plaintiff is entitled to reimbursement for these loan amounts in the sum of $10,476.
* * *
We find that the trial court had sufficient evidence in addition to plaintiff's Exhibit F to support such Exhibit, even though altered, as its contents were supported by other evidence.
We find no abuse of discretion and therefore reject the First and Second Assignments of Error.
 III.
The Third Assignment of Error addresses certain personal property which appellant claims was transferred in violation of a restraining order.
The trial court reviewed all of the testimony concerning such personal property in paragraphs 17, 18, 19, 20, 21, 22 and 23 of its Findings of Fact. In such findings the trial court reviewed the credibility of the witnesses, determined that one of appellant's witnesses testimony was adverse to appellant, and also found that appellant had violated a restraining order.
As stated under the First and Second Assignments of Error, the court has the right to determine the credibility of the evidence and the weight to assign thereto absent an abuse of discretion. We find no abuse of discretion.
The Third Assignment of Error is not well taken.
This cause is affirmed.
By: BOGGINS, J. HOFFMAN, P.J. and GWIN, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the decision of the Fairfield Court of Common Pleas is affirmed. Costs to appellant.