[Cite as *State v. Hathaway*, 2015-Ohio-5299.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**GREENE COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NO. 2015-CA-11 |
| | : | |
| v. | : | T.C. NO. 13CR285 |
| | : | |
| JOSEPH L. HATHAWAY | : | (Criminal appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

**O P I N I O N**

Rendered on the ___18th___ day of ____December____, 2015.

. . . . . . . . . .

ELIZABETH A. ELLIS, Atty, Reg. No. 0074332, Assistant Prosecutor, 61 Greene Street, Xenia, Ohio 45385
        Attorney for Plaintiff-Appellee

BRIAN A. MUENCHENBACH, Atty. Reg. No. 0088722, 200 W. Main Street, Eaton, Ohio 45320
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

DONOVAN, J.

{¶ 1} Defendant-appellant Joseph L. Hathaway appeals from a decision of the Greene County Court of Common Pleas denying his petition for post-conviction relief. Hathaway filed his petition for post-conviction relief on August 26, 2014. The trial court issued a decision and entry denying Hathaway's petition on January 27, 2015. Hathaway filed a timely notice of appeal with this Court on February 26, 2015.

**{¶ 2}** On June 3, 2013, Hathaway was indicted for one count of complicity in the commission of tampering with evidence, in violation of R.C. 2923.03(A)(2) and R.C. 2921.12(A)(1); one count of possession of hashish, in violation of R.C. 2925.11(A); one count of possession of marijuana, in violation of R.C. 2925.11(A); one count of trafficking in marijuana, in violation of R.C. 2925.03(A)(2); one count of permitting drug abuse, in violation of R.C. 2925.13(B); one count of illegal assembly or possession of chemicals for the manufacture of drugs, in violation of R.C. 2925.041; and one count of illegal cultivation of marijuana, in violation of R.C. 2925.04(A), along with a firearm specification.

**{¶ 3}** On June 21, 2013, Hathaway pled not guilty, and on August 21, 2013, he filed a Motion to Suppress. A hearing was held on said motion on October 9, 2013. In overruling Hathaway's motion to suppress, the trial court issued a Judgment Entry on January 13, 2014, which states that it reviewed Joint Exhibit 1, "a search warrant requesting the use of a thermal imaging device to address heat signatures at 1490 South Central Drive, Beavercreek, Greene County, Ohio," and Joint Exhibit 2, which "reflects the results of the use of the thermal imaging device which requested a search of the subject residence and the seizure of evidence which is the basis of this case." The South Central Drive address is the home of Hathaway and his wife, Jennifer Bradshaw-Hathaway. The Judgment Entry provides that the "parties agreed that the Court would decide this case solely upon the warrant and affidavit finding that there was no need for additional testimony or issues for the Court under the authority of Franks v. Delaware, 438 U.S. 154 (1978)." Ultimately, the trial court found that the search warrant was based on probable cause and overruled Hathaway's motion to suppress.

**{¶ 4}** On March 12, 2014, Hathaway pled guilty to trafficking in marijuana, a felony

of the second degree, and illegal assembly or possession of chemicals for the manufacture of drugs, a felony of the third degree.

{¶ 5} On the same date, the trial court issued an "Entry and Order" which provides in part that in accepting Hathaway's pleas, the Court "has complied with Criminal Rule 11." The March 12, 2014, transcript of the proceedings reflects that Jennifer Bradshaw-Hathaway was present at the hearing and entered guilty pleas to complicity to tampering with evidence, a felony of the third degree, and permitting drug abuse, a felony of the fifth degree. The transcript reflects the following charges were dismissed against Bradshaw-Hathaway: possession of hashish, possession of marijuana, trafficking in marijuana, and illegal possession of chemicals for the manufacture of drugs. She and Hathaway were both represented by the same attorney. After accepting the couple's pleas, Hathaway received an agreed sentence of five years. The trial court postponed disposition for Bradshaw-Hathaway pending the completion of a pre-sentence investigation. Hathaway subsequently filed notice of his direct appeal on April 11, 2014. Hathaway's direct appeal is currently pending before this Court under a separate appellate case number in Greene App. No. 2014-CA-0013.

{¶ 6} As previously mentioned, Hathaway filed his petition for post-conviction relief on August 26, 2014. Hathaway attached only his own affidavit to the petition wherein he stated the following:

4) That throughout said representation, Attorney *** failed to inform me of the actual conflict of interest that existed as a result of the dual representation and that Attorney *** failed to request that I sign, and/or secure a conflict of interest waiver.

{¶ 7} A hearing was held on Hathaway's petition on December 17, 2014. The trial court denied Hathaway's petition in a decision issued on January 27, 2015.

{¶ 8} It is from this decision that Hathaway now appeals.

{¶ 9} Hathaway's sole assignment of error is as follows:

{¶ 10} "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED MR. HATHAWAY'S PETITION FOR POST-CONVICTION RELIEF BECAUSE MR. HATHAWAY WAS DEPRIVED OF HIS SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL."

{¶ 11} In his sole assignment of error, Hathaway contends that the trial court abused its discretion when it denied his petition for post-conviction relief. Specifically, Hathaway argues that he received ineffective assistance of counsel because his trial counsel represented both him and his wife, Bradshaw-Hathaway, thus creating a direct conflict of interest.

{¶ 12} Post-conviction relief is governed by R.C. 2953.21. The statute provides, in pertinent part, that:

Any person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States, * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim

for relief.

R.C. 2953.21(A)(1)(a).

{¶ 13} "A post[-]conviction proceeding is not an appeal of a criminal conviction, but, rather, a collateral civil attack on the judgment." *State v. Stefen,* 70 Ohio St.3d 399, 410, 639 N.E.2d 67 (1994). *See, also,* *State v. Gondor,* 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 48. To prevail on a petition for post-conviction relief, the defendant must establish a violation of his constitutional rights which renders the judgment of conviction void or voidable. R.C. 2953.21.

{¶ 14} We review the trial court's denial of Hathaway's petition for an abuse of discretion. *Gondor* at ¶ 52. As the Supreme Court of Ohio determined:

"Abuse of discretion" has been defined as an attitude that is unreasonable, arbitrary or unconscionable. (Internal citation omitted). It is to be expected that most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary.

A decision is unreasonable if there is no sound reasoning process that would support that decision. It is not enough that the reviewing court, were it deciding the issue *de novo,* would not have found that reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result.

*AAAA Enterprises, Inc. v. River Place Community Redevelopment,* 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990).

{¶ 15} As this Court noted in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct.

2052, 80 L.Ed.2d 674 (1984), "the proper standard for attorney performance is that of reasonably effective assistance. * * *." *Id.,* 466 U.S. at 687. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. * * *." *Id.,* at 691. "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding. * * *." *Id.,* at 693. The *Strickland* Court further noted, "[o]n the other hand, we believe that a defendant need not show that counsel's deficient conduct more likely than not altered the outcome in the case." *Id.* "The result of a proceeding can be rendered unreliable, and hence the proceeding itself unfair, even if the errors of counsel cannot be shown by a preponderance of the evidence to have determined the outcome." *Id.,* at 694. Finally, the Court in *Strickland* determined that to establish ineffective assistance, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

{¶ 16} Initially, we note that neither Hathaway nor his wife objected to their retained counsel's joint representation at any point during the proceedings before the trial court. In order to establish a violation of the Sixth Amendment right to effective assistance of counsel, a defendant who fails to object to joint representation at trial must demonstrate that an actual conflict of interest adversely affected his lawyer's performance. *Cuyler v. Sullivan,* 446 U.S. 335, 347, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980); *State v. Manross,* 40 Ohio St.3d 180, 532 N.E.2d 735 (1988). An attorney representing multiple defendants in criminal proceedings is in the best position professionally and ethically to

determine when a conflict of interest exists or will probably develop during the course of the trial. *Cuyler* at 347. A reviewing court cannot presume that the mere possibility of a conflict resulted in ineffective assistance of counsel. *Manross* at 182. A possible conflict of interest is inherent in almost all instances of joint or multiple representation. The mere possibility of a conflict of interest is insufficient to impugn a criminal conviction. *Id*. An actual conflict of interest must be shown. *State v. Gillard,* 78 Ohio St.3d 548, 552, 679 N.E.2d 276 (1997).

{¶ 17} The term "conflict of interest" involves circumstances in which regard for one duty tends to lead to disregard of another duty, such as when there is representation of multiple clients with incompatible interests. *Id*. at 552-553*.* A possible conflict of interest exists where the interests of the defendants *may* diverge at some point, so as to place the attorney under inconsistent duties, but an actual conflict of interest is shown where during the course of the representation the defendants' interests *do* diverge with respect to a material factual or legal issue or to a course of action. *Id.* A lawyer represents conflicting interests when, on behalf of one client, it is his duty to contend for that which duty to another client requires him to oppose. *Manross,* 40 Ohio St.3d at 182, 532 N.E.2d at 738. In order to demonstrate an actual conflict of interest based upon what an attorney has failed to do, a defendant must demonstrate that some plausible alternative defense strategy or tactic that has sufficient substance to be at least viable might have been pursued but was not undertaken due to the attorney's conflicting loyalties or interests. *Gillard*, 78 Ohio St.3d at 553, 679 N.E.2d 276.

{¶ 18} Hathaway asserts that an actual conflict existed with trial counsel's joint representation because "it was in his interest and the interest of his wife/co-defendant to

deny all knowledge and involvement and testify against each other because of the nature of the charges." Hathaway also argues that he and his wife "were to be the prosecution's primary witnesses against each other." Lastly, Hathaway argues that his trial counsel never discussed the issue of spousal privilege with either himself or his wife. Accordingly, Hathaway asserts that he was placed under the impression by his trial counsel that he would be obligated to testify against his wife/co-defendant.

{¶ 19} At the hearing on his petition for post-conviction relief, Hathaway testified that the only reason he pled guilty was because his trial counsel informed him that if he did not accept the plea, he would have to testify against his wife, and she would go to prison. Hathaway also testified that he only met with his trial counsel once at his office. Hathaway testified that all other meetings with trial counsel were conducted by phone or when they were scheduled to appear in court. Hathaway testified that his wife was present for every conversation he had with their trial counsel. Hathaway conceded at the hearing that he never even considered testifying against his wife, even if the case had gone to trial. Hathaway also admitted that he would never have filed the petition for post-conviction relief had he been sentenced to community control and not sent to prison. Hathaway also acknowledged that at the plea hearing, he expressly stated that he was satisfied with his trial counsel's performance. Nevertheless, Hathaway asserts their trial counsel possessed a conflict of interest because of his dual representation of the couple.

{¶ 20} Bradshaw-Hathaway also testified at the post-conviction relief hearing. Similar to her husband's testimony, Bradshaw-Hathaway testified that she and Hathaway were both always present for every conversation had with their trial counsel, confirming that their trial counsel never met with them individually. However, Bradshaw-Hathaway

testified that while she and her husband spoke with their trial counsel several times, they also met with him approximately three to four times at his office. Significantly, although she was present with her husband for all of their meetings, Bradshaw-Hathaway testified that she *never* heard their trial counsel advise Hathaway that he would have to testify against her if he did not take the plea deal offered by the State, thereby undermining Hathaway's claim that he somehow entered his guilty plea under duress or based upon misinformation. Bradshaw-Hathaway also testified that she was never advised by trial counsel that she would have to testify against her husband. Simply put, Bradshaw-Hathaway's testimony contradicted some of the primary assertions made by her husband in his petition for post-conviction relief, and in his testimony at the hearing. We note that Bradshaw-Hathaway testified that trial counsel advised her that if she did not accept the plea deal, she would likely be sent to prison rather than receive community control.

{¶ 21} In light of the inconsistencies between the testimony of Hathaway and his wife, the trial court found his petition for post-conviction relief to be without merit. By all accounts, trial counsel was able to negotiate plea deals for Hathaway and his wife that were beneficial to each of them considering the offenses for which they had been charged. Furthermore, the trial court found Hathaway's testimony at the post-conviction relief hearing lacking in credibility and factual support. We must defer to the trial court's finding as to credibility. While the better course of action would have been for trial counsel to ask Hathaway and his wife to sign a conflict of interest waiver, the record before us does not support Hathaway's claim that any actual conflict existed. Nor does it support a conclusion that counsel misstated to Hathaway the law on spousal privilege. Thus, the trial court did not abuse its discretion when it denied Hathaway's petition for

post-conviction relief finding that he failed to adduce any evidence to support his claim that he received ineffective assistance.

{¶ 22} Hathaway's sole assignment of error is overruled.

{¶ 23} Hathaway's sole assignment of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . .

FAIN, J. and WELBAUM, J., concur.

Copies mailed to:

Elizabeth A. Ellis
Brian A. Muenchenbach
Hon. Stephen A. Wolaver