OPINION
This is an appeal from a decision of the Perry County, Court of Common Pleas, sustaining a motion of Appellee for a change of custody and designation as sole residential parent. The marriage of Sabrina A. Smith, appellee, and John B. Smith, resulted in two children, Courtnie, born 12/8/90, and Helen, born 8/13/93. The parties to this appeal were divorced on May 3, 1996. Along with the divorce, appellant and appellee entered into a shared parenting plan. Various motions followed due to the inability of the parties to mutually resolve difficulties under such plan. Appellant, on December 12, 1997, filed a motion to be designated as residential parent. On November 20, 1998, the parties entered into an agreed modification of the shared parenting plan whereby the children would reside with appellant with established visitation at their mother's (appellee) residence. The decision on the motion of Appellee from which this appeal is taken was set for an evidentiary hearing on 9/16/99. Due to a mechanical malfunction, the record of such testimony was not available. Memoranda as to such hearing was requested of counsel. Appellant's response was the timely filed version which the Court considered along with notes taken. A further hearing was held on March 1, 2000, after which the motion was sustained. The Court found that a sufficient change of circumstances and the best interests of the children warranted designation of Appellee as residential parent with the standard Perry County visitation order applicable to Appellant. Appellant raises five Assignments of Error as follows:
 I THE TRIAL COURT ABUSED ITS DISCRETION IN FINDING THAT A CHANGE OF CIRCUMSTANCES OCCURRED TO WARRANT THE REVIEW OF THE MERITS OF THE CUSTODY MOTION.
 II THE TRIAL COURT ABUSED ITS DISCRETION IN FINDING THAT THE HARM CAUSED BY THE CHANGE OF CUSTODY IS LESSER THAN THE ADVANTAGES OF MAKING A CUSTODY CHANGE.
 III THE DECISION OF THE COURT IS NOT SUPPORTED BY THE FACTS AND IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 IV THE TRIAL COURT ABUSED ITS DISCRETION IN ONLY GRANTING STANDARD VISITATION TO THE APPELLANT WITHOUT SUPPORTING EVIDENCE.
 V THE TRIAL COURT ABUSED ITS DISCRETION IN CONSIDERING WHAT IT BELIEVED THE INTENTIONS OF THE PARTIES WERE IN RECONSIDERING CUSTODY UPON STABILITY OF THE MOTHER WHEN THE JOURNAL ENTRY IS SILENT ON SUCH AN ASSERTION.
The first, second, fourth and fifth Assignments of Error assert an abuse of discretion by the trial court while the third Assignment is that the decision is against the manifest weight of the evidence. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. We must look at the totality of the circumstances in the case sub judice to make such determination. We are not fact finders; we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (Feb. 10, 1982), Stark App. No. CA-5758, unreported. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction (1978),54 Ohio St.2d 279. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine "whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed. The discretionary power to grant a new hearing should be exercised only in the exceptional case in which the evidence weighs heavily against the judgment. State v. Thompkins (1997),78 Ohio St.3d 380, 387 citing State v. Martin (1983), 20 Ohio App.3d 172,175. Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230, syllabus 1. In reviewing the evidence, the Court recited the requirements of R.C. 3109.04
(E) (1) (a) as interpreted by Clark v. Smith (1998), 130 Ohio App.3d 648, and Davis v. Davis (1991), 77 Ohio St.3d 416, as limited by Miller v. Miller (1988), 37 Ohio St.3d 74 and Wyss v. Wyss (1982), 3 Ohio App.3d 412. The Court specifically found that appellee was more credible on the issue of appellee's residential stability. The trier of fact has the principle responsibility for determining the credibility of the witnesses and the relative weight attributable to their testimony. State V. Jamison (1990), 40 Ohio St.3d 182, certiorari denied (1990), 498 U.S. 881. In addition the Court found as a change in circumstances the respective working hours of the parties as reflecting the available time for the children. Also, the Court considered the attitude of appellant toward appellee as affecting the children. Next, under R.C. 3109.04 (F) (1) the Court reviewed the relevant factors as to the childrens' best interests. The Court notes that much of the in camera testimony of the child is not discernable from the record, and therefore we must rely upon the trial court's consideration of such. The Court placed emphasis on the display of anger of appellant, his battle mentality toward appellee and the fear expressed by the children. This trial court determines that the trial court followed each applicable statutory standard as interpreted by the referenced cases. No abuse of discretion is found. Therefore this Court disagrees with Assignments of Error I, II, IV, V.
As to the manifest weight assertion of Assignment of Error III, this Court, from the available record must disagree. The decision of the trial court is affirmed.
 ___________ Boggins, J.
Hoffman, P.J. and Wise, J.