OPINION
Defendant-appellant, John A. Thomas, appeals the October 10, 2000 judgment of the Franklin County Court of Common Pleas finding him to be a sexual predator pursuant to R.C. 2950.09(C). For the following reasons, we affirm.
In April 1985, a jury convicted appellant of six counts of rape, one count of kidnapping, and one count of gross sexual imposition. All counts related to two separate incidents in which appellant entered college residence halls and had forced anal and vaginal intercourse with his victims. The trial court sentenced appellant to prison terms of seven to twenty-five years on each of the rape counts and the kidnapping count and to a prison term of two to five years on the gross sexual imposition count. The court ordered the terms to be served consecutively. Appellant's convictions were affirmed on appeal. State v. Thomas (Aug. 5, 1986), Franklin App. No. 85AP-414, unreported.
On October 3, 2000, the trial court conducted a sexual predator determination hearing pursuant to R.C. Chapter 2950. Appellant was represented by an assistant public defender from the Franklin County Public Defender's office. In addition, appellant entered an appearance as co-counsel. At the hearing, the state submitted fifteen documentary exhibits, including: the indictment; the judgment entry of conviction and sentence; several psychological reports prepared in advance of trial; the trial transcript; and judgment entries of conviction and sentence for prior criminal offenses committed by appellant. The state called appellant as its only witness in its case-in-chief. Appellant's public defender cross-examined appellant; appellant otherwise presented no witnesses or documentary evidence.
The trial court took the evidence under advisement, and on October 5, 2000, orally announced its decision finding appellant to be a sexual predator. The court journalized an entry on October 10, 2000, consistent with its prior decision. Appellant appeals the trial court's determination and advances the following three assignments of error:
 [I.] Mr. Thomas was denied the effective assistance of counsel in violation of his rights under the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 and 16 of the Ohio Constitution at his sexual offender classification hearing.
 [II.] Mr. Thomas's due process rights, as guaranteed by the Fourteenth Amendment to the United States Constitution and Section 16, Article I of the Ohio Constitution, were violated when the evidence presented at the sexual offender classification hearing was insufficient to support a designation that Mr. Thomas is a sexual predator.
 [III.] The trial court committed plain error when it allowed the prosecutor to call Mr. Thomas as a witness in its case in chief. Consequently, Mr. Thomas's rights under the Fifth and Fourteenth Amendments to the U.S. Constitution and Sections 10 and 16, Article I of the Ohio Constitution. [Sic.]
By the first assignment of error, appellant contends that he was denied effective assistance of counsel as guaranteed by the Sixth andFourteenth Amendments to the United States Constitution and Sections 10 and 16, Article I of the Ohio Constitution. Initially, we note that this court has determined that because a sexual offender classification hearing is a civil proceeding, neither the United States Constitution nor the Ohio Constitution afford an offender the right to counsel at such a hearing. State v. Furlong (Feb. 6, 2001), Franklin App. No. 00AP-637, unreported. However, this court has further determined that an offender does have a right to counsel under R.C. 2950.09(B)(1).[1] Id.
To succeed on a claim of ineffective assistance of counsel, appellant must satisfy a two-prong test. First, he must demonstrate that "counsel's performance was deficient." Strickland v. Washington (1984),466 U.S. 668, 687. If appellant so demonstrates, he must then show that "there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." Id. at 694. Furthermore, "[a]s to `deficient performance,' a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." State v. Ballew (1996),76 Ohio St.3d 244, 255-256. In Ohio, a properly licensed attorney is presumed competent and the burden is upon the appellant to demonstrate otherwise. State v. Lytle (1976), 48 Ohio St.2d 391, 397.
In the present case, appellant claims that his counsel was ineffective in failing to object when the state called him to testify in its case-in-chief. Appellant argues that he was "substantially prejudiced" because his testimony was compelled in contravention of his privilege against self-incrimination under the Fifth Amendment to the United States Constitution.
The Fifth Amendment privilege against self-incrimination applies in civil as well as criminal proceedings. Cincinnati v. Bawtenheimer (1992), 63 Ohio St.3d 260, 264. However, the privilege is a personal one:
 The Fifth Amendment protects the person against incrimination through compelled testimony or other compelled acts having some testimonial character. The Fifth Amendment privilege is a personal one, adhering to the person, and not to the information that may tend to incriminate him or her. [Id., quoting Couch v. United States (1973), 409 U.S. 322, 328, 93 S.Ct. 611, 616, 34 L.Ed.2d 548, 554; Fisher v. United States (1976), 425 U.S. 391, 96 S.Ct. 1569, 48 L.Ed.2d 39.]
Since the Fifth Amendment right against compulsory incrimination is a personal one, it can only be invoked by the person whose testimony is being compelled. State v. Benner (1988), 40 Ohio St.3d 301, 310. No one else may assert the privilege for a person, not even his or her own attorney. Village of Barnesville v. Hunkler (Jan. 22, 1987), Belmont App. No. 86-B-7, unreported. The record in the instant case demonstrates that appellant did not assert the privilege.
Accordingly, since appellant's counsel could not have invoked appellant's personal privilege against self-incrimination, appellant has not demonstrated that "counsel's performance was deficient" in failing to object to the state calling him as a witness.
Furthermore, even if we were to conclude that appellant's counsel was ineffective in failing to object to the state calling appellant to testify, appellant has not demonstrated that there is a "reasonable probability that but for counsel's errors, the result of the proceeding would have been different." Strickland, supra. Although appellant generally asserts that he was "substantially prejudiced because his compelled testimony helped the State prove that he was a sexual predator" (appellant's brief at 5), appellant does not direct this court to any specific testimony in support of his assertion, nor does he offer any suggestion as to how his testimony "helped the State," other than to say that "the State urged the court to consider Mr. Thomas's testimony in its determination." Id. Upon review of the prosecutor's closing argument, we note that although the prosecutor generally stated that the evidence in the case, including "the testimony of Mr. Thomas" (Tr. 62), supported a sexual predator finding, and referred to appellant's continued denial of responsibility for the rapes, the prosecutor relied substantially upon appellant's prior criminal record, the nature of the sexual conduct with the two victims in the underlying rape convictions, appellant's consistent denial of any wrongdoing, and appellant's "mental disabilities as diagnosed in the various psychological exams" (Tr. 62) in arguing that the trial court should find appellant to be a sexual predator. Further, a review of the trial court's oral decision reveals that the court did not cite appellant's testimony (other than that regarding his denial of the rape charges) in finding appellant to be a sexual predator. As noted previously, it is appellant's burden to demonstrate that the result of the proceeding would have been different in the absence of counsel's errors. In our view, appellant has not met his burden.
Finally, this court has thoroughly reviewed the entire record which was before the trial court in this case and finds that the record contains clear and convincing evidence, even without appellant's testimony, to support the trial court's determination that appellant is a sexual predator. Accordingly, appellant has not demonstrated, as is required in a claim of ineffective assistance of counsel, that the outcome of the proceeding would have been different had counsel objected to appellant's testimony.
Appellant next argues that counsel was ineffective in failing to notify the trial court that a conflict of interest existed. After the court rendered its oral decision on October 5, 2000, appellant requested that the court appoint a "civil attorney" rather than the Franklin County Public Defender to represent him on appeal. In support of this request, appellant stated: "I attempted to obtain the services of Miss Judy Lee Stevens [sic] on the trial stages back when this case was going on and the Public Defender's office issued a statement that there was a conflict of interest, and that's how I ended up getting another attorney * * *." (Tr. 87.) In response, appellant's counsel stated: "[H]e did make me aware prior to the hearing * * * that he had contacted Judy Stevenson and * * * she had rejected his case because of a conflict. He never provided me with any writing that says that, so I don't know whether it is or isn't." (Tr. 89.) Counsel urged the court to appoint appellate counsel other than the Franklin County Public Defender, to "eliminate questions in regards to that issue." (Tr. 90.)
Appellant argues that he was "entitled to conflict free assistance of counsel," and that counsel was ineffective in failing to "bring [the conflict of interest] issue to the trial court's attention prior to the sexual offender classification so that a hearing could be held on the matter." (Appellant's brief at 6.) Appellant's argument seems to suggest that the foregoing colloquy demonstrates a potential conflict of interest in counsel's representation of appellant at the sexual predator hearing that should have been brought to the court's attention prior to the hearing. We do not agree with appellant's contention. In our view, it is clear that appellant raised the conflict of interest issue in an effort to have someone other than the Franklin County Public Defender's office appointed to represent him on appeal, rather than as an argument regarding counsel's representation at the hearing. Indeed, appellant reiterated his position as follows: "And the request that I'm making concerning the civil aspect of this and the conflict of interest that the Franklin County Public Defender's office offered initially, I hope the Court will take that into consideration in terms of my appointment for appellate processes." (Tr. 89.) The trial court interpreted appellant's argument exactly as we have: "[U]nless somebody comes [to] me from the Franklin County Public Defender's office and shows me that there is some kind of conflict involved here, that's who I'm going to appoint for this appeal because those are the people * * * that are best equipped to do it and know the most about it." (Tr. 92.)
Moreover, even if we were to accept appellant's argument, we find that appellant was not entitled to an evidentiary hearing on the matter of whether his legal representation was tainted by a conflict of interest. "In order to satisfy a Sixth Amendment claim of ineffective assistance of counsel,[2] appellant must demonstrate that an actual conflict of interest adversely affected his counsel's performance." State v. Keith (1997), 79 Ohio St.3d 514, 535, citing Cuyler v. Sullivan (1980),446 U.S. 335, 348. Appellant cannot establish a claim of ineffective assistance of counsel merely on the basis of a potential conflict of interest. State v. Buhrman (Sept. 12, 1997), Greene App. No. 96 CA 145, unreported, citing State v. Manross (1988), 40 Ohio St.3d 180, 183. Further, in State v. Jackson (1980), 64 Ohio St.2d 107, 111, the Supreme Court of Ohio stated, as follows:
 Broad assertions without a further demonstration of prejudice do not warrant a hearing for all post-conviction petitions. General conclusory allegations to the effect that a defendant has been denied effective assistance of counsel are inadequate as a matter of law to impose an evidentiary hearing. [Citation omitted.][3]
As the language from Jackson makes clear, broad assertions and personal beliefs are not enough to warrant an evidentiary hearing on the issue of a conflict of interest. As demonstrated by the record, appellant has failed to point to any specific facts demonstrating either that a conflict of interest existed, or that his interests actually suffered due to the alleged conflict. Accordingly, we find that appellant was not entitled to a hearing on the matter. Counsel, therefore, could not have been ineffective in failing to request a hearing. The first assignment of error is not well-taken.
By the second assignment of error, appellant contends that the trial court erred in finding him to be a sexual predator. Specifically, appellant argues that there was insufficient evidence that he was likely to engage in future sexual offenses.
With regard to appellant's sufficiency argument, this court must "construe the evidence in favor of the prosecution and determine whether such evidence permits any rational trier of fact to find the essential elements of the offense beyond a reasonable doubt." State v. Golden (July 17, 2001), Franklin App. No. 00AP-1247, unreported, citing State v. Jenks (1991), 61 Ohio St.3d 259; State v. Conley (Dec. 16, 1993), Franklin App. No. 93AP-387, unreported.
A "sexual predator" is defined as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E). Since rape is a sexually oriented offense pursuant to R.C. 2950.01(D)(1), the issue is whether the state proves by clear and convincing evidence that defendant is likely to engage in future sexually oriented offenses. State v. Cook (1998), 83 Ohio St.3d 404, 423-424. Clear and convincing evidence is "[t]hat measure or degree of proof which is more than a mere `preponderance of the evidence,' but not to the extent of such certainty as is required `beyond a reasonable doubt' in criminal cases, and which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cincinnati Bar Assn. v. Massengale (1991), 58 Ohio St.3d 121, 122, quoting Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus.
Although the standard set forth in R.C. 2940.01(E) looks toward appellant's propensity to engage in future behavior, a trier of fact may look at past behavior as well, since past behavior is often an important indicator of future propensity. State v. Lewis (Mar. 13, 2001), Franklin App. No. 00AP-730, citing Kansas v. Hendricks (1997), 51 U.S. 346, 358. R.C. 2950.09(B)(2) requires the trial court to consider "all relevant factors" in making a sexual predator determination, including those enumerated in the statute:
The offender's age;
 The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
Any mental illness or mental disability of the offender;
 The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 Any additional behavioral characteristics that contribute to the offender's conduct.
As noted in Lewis, supra, "These factors are guidelines for the court to consider and there is no requisite number of factors that must be applicable before an offender can be considered a sexual predator." Id.
In reviewing a finding that defendant is a sexual predator, an appellate court "must examine the record to determine whether the trier of fact has sufficient evidence before it to satisfy the clear and convincing standard." State v. Sturgill (May 4, 1999), Franklin App. No. 98AP-979, unreported, quoting State v. Johnson (Sept. 24, 1998), Franklin App. No. 97APA12-1585, unreported. "[A] sexual predator hearing is a civil proceeding, State v. Newton (June 11, 1998), Franklin App. No. 97APA10-1353, unreported * * * and as in any civil appeal based upon the weight of the evidence, we must also presume that the findings of the trier of fact are correct." State v. Harden (Oct. 29, 1998), Franklin App. No. 98AP-223, unreported.
At the hearing, the prosecutor read into the record, without any objections from appellant, the details of appellant's crimes. According to the prosecutor, the first of appellant's victims was accosted by defendant as she studied in her residence hall at a time when the residence hall was sparsely occupied. Appellant held the victim at knifepoint and raped her both vaginally and anally. Appellant's second victim was attacked in the basement of her residence hall, again at a time when few people were in the residence hall. Appellant forced the victim into a men's restroom and, as he had done with the first victim, raped her vaginally and anally. Appellant also engaged in fellatio and cunnilingus with the second victim.
The record demonstrates that sufficient evidence exists to demonstrate that appellant is likely to engage in the future in one or more sexually oriented offenses. The evidence before the trial court corresponds with several of the factors set forth in R.C. 2950.09(B)(2). In particular, appellant was thirty-seven years old at the time he committed the offenses, "old enough to recognize the societal ban on conduct he was undertaking." Golden, supra. The victims were approximately twenty years old. "The age of the victim is probative because it serves as a telling indicator of the depths of an offender's ability to refrain from such illegal conduct." State v. Gardner (Nov. 16, 2000), Franklin App. No. 00AP-93, unreported. The offenses involved multiple victims and multiple counts of rape with each victim.
Appellant's prior criminal record regarding all offenses is also a relevant factor in assessing his danger of recidivism. Id. The record demonstrates that appellant was convicted of breaking and entering in 1963, sodomy in 1967, and aggravated robbery in 1974. The record further reveals that appellant committed the sexual offenses while on parole for the aggravated robbery.
Evidence regarding appellant's mental condition was presented in the form of several psychological evaluations performed before trial. Although there was no consensus diagnosis, all examiners found evidence of mental illness, and all evaluations contained reports of peculiar sexual fixations.
The nature of appellant's sexual conduct was part of a demonstrated pattern of abuse. Both incidents involved forcible rapes of young college women and occurred in residence halls on the same college campus. Both attacks occurred during holiday breaks when few persons were actually living in the residence halls. Further, a review of the facts indicates a level of cruelty in the sexual attacks, i.e., appellant used force in the commission of both rapes and held one of the victims at knifepoint. See State v. Henson (Mar. 14, 2000), Franklin App. No. 99AP-553, unreported, and Gardner, supra. Finally, appellant continues to deny any wrongdoing and has shown no remorse for the crimes. Appellant's attitude toward his own actions weighs in favor of a sexual predator status. State v. Kendrick (Sept. 30, 1999), Franklin App. No. 98AP-1305, unreported.
Appellant argues that the evidence was insufficient because the state relied upon appellant's conviction based upon acts committed over seventeen years prior to the hearing. In so arguing, appellant relies upon State v. Eppinger (2001), 91 Ohio St.3d 158; and State v. Ward (1999), 130 Ohio App.3d 551. In Eppinger, the Ohio Supreme Court found an abuse of discretion where the only evidence submitted at the sexual predator hearing was the state's recitation of its own recollection of the facts of the underlying offense, and the trial court reviewed no documentary evidence nor heard any testimonial evidence. In Ward, a sexual predator determination was reversed where the offender pled guilty to the underlying charge, and the only evidence submitted at the hearing was a copy of the conviction entry and the stipulated facts of the offense. In contrast, the record in the instant case contains extensive factual information other than the state's recitation of the facts of the offenses, including the trial transcript, appellant's psychological examinations, and appellant's past criminal record, all of which the trial court reviewed prior to entering its finding.
In addition, regarding the weight of the evidence provided by appellant's convictions, this court has stated that "nowhere in R.C. 2950 is there any prohibition against being adjudicated a sexual predator based solely on facts arising from the underlying offense." Henson, supra "Those facts alone are not always sufficient to support a sexual predator finding, but sometimes * * * they are." Id. A sexual predator finding may be affirmed where "there are facts within the underlying offense that are especially indicative of the likelihood of the offender to engage in another sexually oriented offense in the future." Id. In our view, the facts of the underlying offense in the instant case are especially indicative of the likelihood that appellant will engage in another sexually oriented offense in the future.
Appellant further challenges the trial court's reliance on seventeen-year-old psychological evaluations. Although we agree with appellant's contention that it might have been helpful if the trial court had been provided with more recent psychological evaluations, both appellant and his counsel argued that issue before the court and the court had the ability to consider the age of the psychological evidence and the weight to be afforded to it. See State v. Quick (Aug. 22, 2000), Franklin App. No. 00AP-57, unreported.
Accordingly, after having reviewed the entire record, we find that the evidence presented at the hearing was sufficient for a rational trier of fact to have found that the state met its burden of proving, by clear and convincing evidence, that appellant is a sexual predator. Accordingly, the second assignment of error is not well-taken.
By the third assignment of error, appellant contends that the trial court committed plain error in allowing the state to call him as a witness in its case-in-chief. For the reasons set forth in our discussion of the first assignment of error, appellant's argument is unpersuasive. The third assignment of error is not well-taken.
For the foregoing reasons, all three of appellant's assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.
 ___________________ PETREE, J.
BRYANT, P.J., and DESHLER, J., concur.
[1] R.C. 2950.09(B)(1) states, in relevant part: "The offender shall have the right to be represented by counsel and, if indigent, the right to have counsel appointed to represent the offender."
[2] Although an offender at a sexual offender classification hearing has no constitutional right to assistance of counsel and, thus, noSixth Amendment right to "conflict free" assistance of counsel, we find that an offender does have a right to "conflict free" counsel under R.C.2950.09(B)(1).
[3] Although Jackson concerned a post-conviction relief proceeding, we find the reasoning set forth therein equally applicable to a sexual predator proceeding.