[Cite as *State v. Hathaway*, 2015-Ohio-5488.]

### IN THE COURT OF APPEALS OF OHIO
### SECOND APPELLATE DISTRICT
### GREENE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NO. 2014-CA-13 |
| | : | |
| v. | : | T.C. NO. 13CR285 |
| | : | |
| JOSEPH L. HATHAWAY | : | (Criminal appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

# O P I N I O N

Rendered on the ____30th____ day of ____December____, 2015.

. . . . . . . . . .

ELIZABETH A. ELLIS, Atty, Reg. No. 0074332, Assistant Prosecutor, 61 Greene Street, Xenia, Ohio 45385
      Attorney for Plaintiff-Appellee

THOMAS M. KOLLIN, Atty. Reg. No. 0066964, 2372 Lakeview Drive, Suite H, Beavercreek, Ohio 45431
      Attorney for Defendant-Appellant

. . . . . . . . . . . .

DONOVAN, J.

{¶ 1} Defendant-appellant Joseph L. Hathaway appeals his conviction and sentence for one count of trafficking in marijuana, in violation of R.C. 2925.03(A)(2), a felony of the second degree; and one count of illegal assembly or possession of chemicals for the manufacture of drugs, in violation of R.C. 2925.041, a felony of the third degree.

Hathaway filed a timely notice of appeal with this Court on April 11, 2014.

{¶ 2} On June 3, 2013, Hathaway was indicted for one count of complicity in the commission of tampering with evidence, in violation of R.C. 2923.03(A)(2) and R.C. 2921.12(A)(1); one count of possession of hashish, in violation of R.C. 2925.11(A); one count of possession of marijuana, in violation of R.C. 2925.11(A); one count of trafficking in marijuana, in violation of R.C. 2925.03(A)(2); one count of permitting drug abuse, in violation of R.C. 2925.13(B); one count of illegal assembly or possession of chemicals for the manufacture of drugs, in violation of R.C. 2925.041; and one count of illegal cultivation of marijuana, in violation of R.C. 2925.04(A), along with a firearm specification.

{¶ 3} On June 21, 2013, Hathaway pled not guilty, and on August 21, 2013, he filed a Motion to Suppress. A hearing was held on said motion on October 9, 2013. In overruling Hathaway's motion to suppress, the trial court issued a Judgment Entry on January 13, 2014, which states that it reviewed Joint Exhibit 1, "a search warrant requesting the use of a thermal imaging device to address heat signatures at 1490 South Central Drive, Beavercreek, Greene County, Ohio," and Joint Exhibit 2, which "reflects the results of the use of the thermal imaging device which requested a search of the subject residence and the seizure of evidence which is the basis of this case." The South Central Drive address is the home of Hathaway and his wife, Jennifer Bradshaw-Hathaway. The Judgment Entry provides that the "parties agreed that the Court would decide this case solely upon the warrant and affidavit finding that there was no need for additional testimony or issues for the Court under the authority of Franks v. Delaware, 438 U.S. 154 (1978)." Ultimately, the trial court found that the search warrant was based on probable cause and overruled Hathaway's motion to suppress.

{¶ 4} On March 12, 2014, Hathaway pled guilty to trafficking in marijuana, a felony of the second degree, and illegal assembly or possession of chemicals for the manufacture of drugs, a felony of the third degree.

{¶ 5} On the same date, the trial court issued an "Entry and Order" which provides in part that in accepting Hathaway's pleas, the Court "has complied with Criminal Rule 11." The March 12, 2014, transcript of the proceedings reflects that Jennifer Bradshaw-Hathaway was present at the hearing and entered guilty pleas to complicity to tampering with evidence, a felony of the third degree, and permitting drug abuse, a felony of the fifth degree. The transcript reflects the following charges were dismissed against Bradshaw-Hathaway: possession of hashish, possession of marijuana, trafficking in marijuana, and illegal possession of chemicals for the manufacture of drugs. She and Hathaway were both represented by attorney Patrick Mulligan. After accepting the couple's pleas, Hathaway received an agreed sentence of five years. The trial court postponed disposition for Bradshaw-Hathaway pending the completion of a pre-sentence investigation.

{¶ 6} As previously stated, Hathaway filed a notice of appeal on April 11, 2014. On July 17, 2014, Hathaway's appointed counsel filed a brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). In the *Anders* brief, appointed counsel advanced one potentially meritorious assignment of error, namely "whether Mr. Hathaway was deprived of his Sixth Amendment right to effective assistance of counsel when a) a direct conflict of interest existed when trial counsel represented Mr. Hathaway and his wife in the same case, and b) trial counsel failed to inform Mr. Hathaway that entering a plea of 'Guilty' would preclude appellate review of the Motion to

Suppress."   We advised Hathaway that an *Anders* brief had been filed on his behalf and granted him 60 days to file a pro se brief assigning any errors for our review.   Hathaway did not filed a brief in response, and we note that the State did not file a response to Hathaway's *Anders* brief.

{¶ 7} Upon review, we issued a decision and entry on January 20, 2015, wherein we reached the following conclusion:

*** Regarding counsel for Hathaway's assertion that he was denied the effective assistance of counsel due to defense counsel's failure to inform him that pleading guilty precluded appellate review of his motion to suppress, we agree with appellate counsel that this assertion lacks arguable merit.   However, we conclude that appellate counsel's argument regarding the existence of a potential conflict of interest in Mulligan's representation of Hathaway and Bradshaw-Hathaway has arguable merit.   In other words, the potential assignment of error is not wholly frivolous.   Accordingly, we will set aside the *Anders* brief that was filed by appellate counsel and appoint new counsel to represent Hathaway.   Counsel is free, of course, to raise any other issues that counsel believes have merit.

{¶ 8} On May 26, 2015, Hathaway's newly appointed counsel filed a merit brief on his behalf.   The State filed its response on September 18, 2015.   Hathaway's appeal is now properly before us.

{¶ 9} Hathaway's first assignment of error is as follows:

{¶ 10} "TRIAL COUNSEL WAS CONSTITUTIONALLY INEFFECTIVE IN HIS REPRESENTATION OF THE APPELLANT BECAUSE HE ALSO REPRESENTED THE

CO-DEFENDANT AND THERE WAS AN ACTUAL CONFLICT OF INTEREST."

{¶ 11} In his first assignment, Hathaway contends that he received ineffective assistance because his trial counsel represented both him and his wife, Bradshaw-Hathaway, thus creating a direct conflict of interest. Specifically, Hathaway argues that an actual conflict existed because trial counsel jointly represented him and his wife for the same offenses resulting from the same course of conduct.

{¶ 12} As this Court noted in *Strickland v. Washington,* 466 U.S. 668,104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), "the proper standard for attorney performance is that of reasonably effective assistance. * * *." *Id.,* 466 U.S. at 687. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. * * *." *Id.,* at 691. "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding. * * *." *Id.,* at 693. The *Strickland* Court further noted, "[o]n the other hand, we believe that a defendant need not show that counsel's deficient conduct more likely than not altered the outcome in the case." *Id.* "The result of a proceeding can be rendered unreliable, and hence the proceeding itself unfair, even if the errors of counsel cannot be shown by a preponderance of the evidence to have determined the outcome." *Id.,* at 694. Finally, the Court in *Strickland* determined that to establish ineffective assistance, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

{¶ 13} Initially, we note that neither Hathaway nor his wife objected to their retained

counsel's joint representation at any point during the proceedings before the trial court. In order to establish a violation of the Sixth Amendment right to effective assistance of counsel, a defendant who fails to object to joint representation at trial must demonstrate that an actual conflict of interest adversely affected his lawyer's performance. *Cuyler v. Sullivan*, 446 U.S. 335, 347, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980); *State v. Manross*, 40 Ohio St.3d 180, 532 N.E.2d 735 (1988). An attorney representing multiple defendants in criminal proceedings is in the best position professionally and ethically to determine when a conflict of interest exists or will probably develop during the course of the trial*. Cuyler* at 347. A reviewing court cannot presume that the mere possibility of a conflict resulted in ineffective assistance of counsel. *Manross* at 182. A possible conflict of interest is inherent in almost all instances of joint or multiple representation. The mere possibility of a conflict of interest is insufficient to impugn a criminal conviction. *Id.* An actual conflict of interest must be shown. *State v. Gillard,* 78 Ohio St.3d 548, 552, 679 N.E.2d 276 (1997).

{¶ 14} The term "conflict of interest" involves circumstances in which regard for one duty tends to lead to disregard of another duty, such as when there is representation of multiple clients with incompatible interests. *Id.* at 552-553*.* A possible conflict of interest exists where the interests of the defendants *may* diverge at some point, so as to place the attorney under inconsistent duties, but an actual conflict of interest is shown where during the course of the representation the defendants' interests *do* diverge with respect to a material factual or legal issue or to a course of action. *Id.* A lawyer represents conflicting interests when, on behalf of one client, it is his duty to contend for that which duty to another client requires him to oppose. *Manross,* 40 Ohio St.3d at 182,

532 N.E.2d at 738. In order to demonstrate an actual conflict of interest based upon what an attorney has failed to do, a defendant must demonstrate that same plausible alternative defense strategy or tactic that has sufficient substance to be at least viable might have been pursued but was not undertaken due to the attorney's conflicting loyalties or interests. *Gillard*, 78 Ohio St.3d at 553, 679 N.E.2d 276.

{¶ 15} Hathaway asserts that an actual conflict existed with trial counsel's joint representation because "it was in his interest and the interest of his wife/co-defendant to deny all knowledge and involvement and testify against each other because of the nature of the charges." Hathaway also argues that he and his wife "were to be the prosecution's primary witnesses against each other." Lastly, Hathaway argues that his trial counsel never discussed the issue of spousal privilege with either himself or his wife. Accordingly, Hathaway asserts that he was placed under the impression by his trial counsel that he would be obligated to testify against his wife/co-defendant.

{¶ 16} In support of these arguments, Hathaway cites to information contained in his petition for post-conviction relief which he filed with the trial court on August 26, 2014. A hearing was held on Hathaway's petition on December 17, 2014. The trial court denied Hathaway's petition in a decision issued on January 27, 2015. Hathaway appealed. We recently affirmed the trial court's decision. *See State v. Hathaway*, 2d Dist. Greene No. 2015-CA-11, 2015-Ohio-5299.

{¶ 17} We encountered a similar factual scenario in *State v. Booker*, 63 Ohio App.3d 459, 579 N.E.2d 264 (2d Dist.1989). In *Booker*, the defendant argued that that he was deprived of the effective assistance of counsel as a result of a conflict of interest in his trial counsel's joint representation of both him and his common-law wife. *Id.* at 460.

Upon review, we concluded that any determination of whether the defendant may have been prejudiced as a result of joint representation could not be determined on direct appeal "because those determinations necessarily depend[ed] upon matters outside the record." Specifically, we found that it was not possible to determine whether the defendant and his wife/co-defendant were actually prejudiced by the adoption of an unsound trial strategy as a result of conflicts of interest inherent in their joint representation, without going outside the record. *Id.* at 465. Like Hathaway, the defendant in *Booker* argued that had he taken the stand, he could have implicated his wife and maintain his innocence. "This presupposes that [the defendant] could have testified truthfully to that effect, but that is a determination that cannot be made upon this record." *Id.*

{¶ 18} In the instant case, all of the arguments made by Hathaway in support of his claim of ineffective assistance of counsel address matters not appearing in the record. Issues involving what Hathaway's trial counsel may or may not have discussed with him prior to entering his plea and/or what his defense may have been if he had elected to go to trial would call for speculation on our part. Therefore, the appropriate remedy is through a petition for post-conviction relief, pursuant to R.C. 2953.21, and not through direct appeal. *Booker* at 466. As previously discussed, Hathaway filed a petition for post-conviction relief with the trial court in which he made the same claims of ineffective assistance as he did in the instant appeal. The trial court dismissed his petition, and as noted above, we have affirmed the trial court's decision. *See Hathaway*, 2015-Ohio-5299.

{¶ 19} We therefore conclude that Booker's claim that the conflict of interest

inherent in his joint representation, with his wife, by a single trial attorney, deprived him of his right to effective assistance of counsel cannot be determined in a direct appeal, because it necessarily involves the consideration of facts that are not in this record.

{¶ 20} Hathaway's first assignment of error is overruled.

{¶ 21} Hathaway's second and final assignment of error is as follows:

{¶ 22} "THE TRIAL COURT ERRED BY ACCEPTING MR. HATHAWAY'S PLEA OF GUILTY WITHOUT ASCERTAINING IF TRIAL COUNSEL'S DUAL REPRESENTATION OF THE CO-DEFENDANT WAS A CONFLICT OF INTEREST."

{¶ 23} In his final assignment, Hathaway argues that the trial court erred when it accepted his guilty plea without first inquiring into whether his trial counsel's joint representation resulted in a conflict of interest.

{¶ 24} Unless the trial court knows or reasonably should know that a particular conflict of interest exists, or unless the defendant objects to multiple representation, the trial court need not initiate an inquiry into the propriety of such representation. *State v. Seals*, 2d Dist. Clark No. 04CA0063, 2005-Ohio-4837, ¶ 14, citing *Manross*, 40 Ohio St.3d at 181. It is not constitutionally mandated that a trial court inquire of co-defendants whether they wish to have separate counsel. *Manross*, 40 Ohio St.3d at 181. A trial court is not obligated to make an inquiry as a matter of course. An attorney representing multiple defendants in criminal proceedings is in the best position professionally and ethically to determine when a conflict of interest exists or will probably develop in the course of the trial. *Seals* at ¶ 14; citing *Manross*. In the absence of special circumstances, it seems reasonable for the trial court to assume that multiple representation entails no conflict or that the lawyer and his clients knowingly accepted

such risk of conflict as may be inherent in such a representation. *Cuyler,* 446 U.S. at 346–347.

{¶ 25} Because neither defendants nor their counsel objected to the joint representation in this case, the trial court did not err by failing to inquire into that issue. *Seals* at ¶ 15. Moreover, there were no special circumstances present in the instant case that would require the trial court to sua sponte inquire as to whether a conflict existed with respect to trial counsel's joint representation of Hathaway and his wife. Neither Hathaway nor his wife presented a defense in which either or both claimed innocence, accusing the other of wrongdoing. Instead, Hathaway and his wife pled guilty to separate charges. Specifically, Bradshaw-Hathaway pled guilty to complicity to tampering with evidence, a felony of the third degree, and permitting drug abuse, a felony of the fifth degree. Hathaway pled guilty to trafficking in marijuana, a felony of the second degree, and illegal assembly or possession of chemicals for the manufacture of drugs, a felony of the third degree. While Hathaway and his wife were initially charged with the same offenses, their joint counsel was able to negotiate a plea whereby Bradshaw-Hathaway was sentenced to community control and Hathaway was sentenced to an agreed term of five years in prison.

{¶ 26} In support of his argument that the trial court erred by failing to inquire concerning the possibility of a conflict of interest, Hathaway cites *State v. Gillard,* 64 Ohio St.3d 304, 595 N.E.2d 878 (1992). In that case, the trial court became aware, during a trial, that the same attorney was representing both the defendant and a witness called for the defense. The Ohio Supreme Court held that the trial court was under a duty to conduct an inquiry to determine whether an actual conflict of interest existed. In the case

before us, there was nothing before the trial court at the time of the plea proceeding to suggest that a conflict of interest existed. Both Hathaway and his wife expressed their satisfaction with trial counsel's performance at the plea hearing, and there was no objection raised before the trial court regarding a potential and/or actual conflict based upon trial counsel's joint representation of the co-defendants. Accordingly, the trial court did not err when it accepted Hathaway's guilty plea without first inquiring into whether his trial counsel's joint representation resulted in a conflict of interest.

{¶ 27} Hathaway's second assignment of error is overruled.

{¶ 28} Both of Hathaway's assignments of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . .

FAIN, J. and WELBAUM, J., concur.

Copies mailed to:

Elizabeth A. Ellis
Thomas M. Kollin
Hon. Stephen A. Wolaver