[Cite as *State v. Miller*, 2018-Ohio-4379.]

IN THE COURT OF APPEALS

ELEVENTH APPELLATE DISTRICT

GEAUGA COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| | | **CASE NO. 2017-G-0136** |
| - vs - | : | |
| RAYMOND A. MILLER, | : | |
| Defendant-Appellant. | : | |


Criminal Appeal from the Geauga County Court of Common Pleas.
Case No. 2017 C 000001.

Judgment: Affirmed.


*James R. Flaiz*, Geauga County Prosecutor, and *Christopher J. Joyce*, Assistant Prosecutor, Courthouse Annex, 231 Main Street, Suite 3A, Chardon, OH 44024 (For Plaintiff-Appellee).

*Richard Tadd Pinkston*, The Law Office of R. Tadd Pinkston LLC, 103 Fifth Street, S.E., Suite L, Barberton, OH 44203 (For Defendant-Appellant).


TIMOTHY P. CANNON, J.

{¶1} Appellant, Raymond A. Miller, appeals from the judgment of conviction entered by the Geauga County Court of Common Pleas on September 25, 2017, and from the trial court's October 3, 2017 denial of appellant's motion to withdraw his guilty plea. For the reasons that follow, the trial court's judgments are affirmed.

{¶2} On January 4, 2017, a complaint was issued in the Chardon Municipal Court alleging appellant had burglarized a residence in Auburn Township, in violation of R.C.

2911.12. Appellant was subsequently bound over to the Geauga County Court of Common Pleas and indicted by the grand jury on 17 counts, including seven counts of burglary, four counts of theft, three counts of grand theft, and one count each of attempted burglary, breaking and entering, and engaging in a pattern of corrupt activity.

{¶3} Appellant entered into a plea agreement with appellee, the state of Ohio. Appellant agreed to plead guilty to amended Count 1, Engaging in a Pattern of Corrupt Activity, a second-degree felony in violation of R.C. 2923.32(A)(1); Count 5, Attempted Burglary, a third-degree felony in violation of R.C. 2923.02(A) & R.C. 2911.12(A)(2); amended Count 9, Aggravated Theft, a third-degree felony in violation of R.C. 2913.02(A)(1); Count 10, Burglary, a second-degree felony in violation of R.C. 2911.12(A)(2); and Count 13, Burglary, a second-degree felony in violation of R.C. 2911.12(A)(2). Appellant also agreed to be responsible for restitution in an amount to be determined at a later date. The state agreed to move to dismiss all remaining counts at the time of sentencing.

{¶4} Appellant orally pled guilty to these five counts in open court on July 12, 2017. The prosecution stated the evidence would have shown, had the matter proceeded to trial, that appellant entered a number of private residences in Geauga County, without permission, in order to steal property, the value of which was exorbitant, from the owners of those residences. A stipulation was entered that Count 5 was a low-tier felony. The trial court also advised appellant that he would be required to serve a period of three years on postrelease control for the second-degree felonies or that it could be a period up to three years for the third-degree felonies. The trial court accepted appellant's plea, after addressing him personally, and found appellant guilty of the crimes to which he pled.

2

{¶5} An order on the plea was issued on July 19, 2017, in which the trial court also granted the state leave to dismiss the remaining twelve counts of the indictment.[1] The trial court deferred sentencing and ordered a presentence investigation and report.

{¶6} A sentencing hearing was held on September 15, 2017, at which appellant made an allocution and expressed his remorse. Defense counsel requested a total sentence of eight to ten years in prison; the prosecution recommended twenty years.

{¶7} Appellant received an aggregate prison term of twenty years. Appellant was sentenced to six years on amended Count 1, two years on Count 5, two years on amended Count 9, six years on Count 10, and six years on Count 13. The sentences for Counts 1, 10, and 13 were ordered to be served consecutive to each other; the sentences for Counts 5 and 9 were ordered to be served concurrent to each other and consecutive to Counts 1, 10, and 13. The remaining counts of the indictment were dismissed. Appellant was credited with 256 days for time served in jail.

{¶8} The trial court advised appellant of postrelease control. Initially, the trial court incorrectly indicated appellant would be subject to a five-year term. After the prosecution questioned the accuracy of this advisement, the trial court correctly advised that appellant would be subject to a mandatory three-year period of postrelease control.

{¶9} Appellant filed a pro se motion to withdraw his guilty plea on September 19, 2017, alleging ineffective assistance of counsel.

{¶10} The trial court entered its judgment of conviction on September 25, 2017, and denied appellant's motion to withdraw his guilty plea on October 3, 2017.

---

1. Inadvertently, the trial court did not include in this order appellant's plea of guilty to Count 10 of the indictment. A nunc pro tunc order was issued on August 29, 2017, correcting this clerical error. The nunc pro tunc order also corrected a clerical error in the postrelease control notifications that mistakenly referred to Count 17 instead of Count 13.

{¶11} Appellant noticed an appeal from both entries and asserts three assignments of error for our review. His first assignment of error states:

{¶12} "Mr. Miller was denied his right under the Ohio and Federal Constitutions to counsel when his counsel's performance failed to meaningfully oppose the government."

{¶13} Under this assignment of error, appellant asserts he was deprived of his constitutional right to the effective assistance of counsel.

{¶14} In order to prevail on an ineffective assistance of counsel claim, an appellant must demonstrate that trial counsel's performance fell "below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance." *State v. Bradley*, 42 Ohio St.3d 136 (1989), paragraph two of the syllabus (adopting the test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984)).

{¶15} When "a criminal defendant admits his guilt in open court, he waives the right to challenge the propriety of any action taken by the court or counsel prior to that point in the proceeding unless it affected the knowing and voluntary character of the plea." *State v. Haynes*, 11th Dist. Trumbull No. 93-T-4911, 1995 WL 237075, *1 (March 3, 1995), citing *State v. Spates*, 64 Ohio St.3d 269, 272 (1992). This includes a waiver of any alleged deprivation of a constitutional right that did not affect the knowing and voluntary nature of the guilty plea. *Id.*, citing *Spates*, *supra*, at 272. Thus, "'a plea of guilty waives the right to claim that the accused was prejudiced by constitutionally ineffective counsel, except to the extent the defects complained of caused the plea to be less than knowing and voluntary.'" *Id.* at *2, quoting *State v. Barnett*, 73 Ohio App.3d 244, 249 (2d Dist.1991); *see also United States v. Broce*, 488 U.S. 563, 574 (1989).

4

{¶16} Appellant first argues a lack of motion practice and a waiver of his speedy trial rights by his defense counsel is indicative of ineffective assistance. Appellant does not claim, however, that these decisions on the part of defense counsel precluded him from entering a knowing or voluntary guilty plea. This argument is not well taken.

{¶17} Next, appellant asserts the trial court "nearly" sentenced him to an incorrect period of postrelease control and that his defense counsel's failure to alert the trial court of its "near" error is indicative of ineffective assistance. At sentencing, the trial court initially advised appellant that he would be subject to a mandatory five-year term of postrelease control. The prosecutor alerted the trial court to this mistake, and after reviewing the statutory language, the trial court correctly advised appellant that he would be subject to a mandatory three-year term of postrelease control. *See* R.C. 2967.28. Certainly, this "near" error on the part of the trial court cannot be said to have prejudiced appellant. And, again, appellant does not claim that defense counsel's inaction precluded him from entering a knowing or voluntary guilty plea. This argument is not well taken.

{¶18} Finally, appellant asserts his defense counsel precluded him from entering a voluntary guilty plea by informing appellant that his wife, appellant's co-defendant, would either be testifying against him at trial or be charged with contempt of court. Appellant claims he felt "threatened" and "obligated" to plead guilty. We first note that the trial court asked appellant, at the time of his plea, "has anyone made any threats or promises or other inducement to you in order to get you to enter into this agreement," to which appellant responded, "No, Ma'am." Additionally, relaying this type of information to a defendant is in fact necessary to ensure a knowing decision on whether to enter a guilty plea. Finally, the merits of this argument, and appellee's response, largely rely on

5

alleged conversations that took place between appellant and defense counsel, as well as agreements allegedly made by appellant's wife as part of her own plea agreement. These types of matters that are de hors the trial court record cannot be addressed in this appeal. An allegation that appellant's guilty plea was not voluntary because defense counsel allegedly "threatened" him to plead guilty during a private conversation must be raised in a petition for post-conviction relief. *See*, *e.g.*, *State v. Price*, 11th Dist. Trumbull No. 2013-T-0088, 2015-Ohio-944, ¶29; *see also State v. Hathaway*, 2d Dist. Greene No. 2014-CA-13, 2015-Ohio-5488, ¶18.

**{¶19}** Appellant has failed to demonstrate that any alleged error by his trial counsel precluded him from entering a knowing or voluntary guilty plea. Thus, he has not established that he was prejudiced by any alleged deficiencies in his counsel's performance.

**{¶20}** Appellant's first assignment of error is without merit.

**{¶21}** Appellant's second assignment of error states:

**{¶22}** "The lower court failed to include mandatory language relating to Mr. Miller's PRC at sentencing whereby voiding the sentence."

**{¶23}** Under this assignment of error, appellant asserts his sentence is void because the trial court failed to inform him of the length of postrelease control for each individual count of which he was convicted.

**{¶24}** "[A] trial court must provide statutorily compliant notification to a defendant regarding postrelease control at the time of sentencing, including notifying the defendant of the details of the postrelease control and the consequences of violating postrelease control." *State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, ¶18 (citations omitted).

**{¶25}** Further, "a trial court must incorporate into the sentencing entry the postrelease-control notice to reflect the notification that was given at the sentencing hearing." *Id.* at ¶19 (citations omitted).

> [T]he sentencing entry must contain the following information: (1) whether postrelease control is discretionary or mandatory, (2) the duration of the postrelease-control period, and (3) a statement to the effect that the Adult Parole Authority ('APA') will administer the postrelease control pursuant to R.C. 2967.28 and that any violation by the offender of the conditions of postrelease control will subject the offender to the consequences set forth in that statute.

*State v. Grimes*, 151 Ohio St.3d 19, 2017-Ohio-2927, ¶1.

**{¶26}** In multiple offense cases, where the offender is subject to multiple periods of postrelease control, "the period of post-release control for all of the sentences shall be the period of post-release control that expires last, as determined by the parole board or court. Periods of post-release control shall be served concurrently and shall not be imposed consecutively to each other." R.C. 2967.28(F)(4)(c). "Thus, 'the court only has the duty in multiple offense cases to notify the defendant of and impose the longest term of postrelease control applicable under R.C. 2967.28(B).'" *State v. McBride*, 11th Dist. Trumbull No. 2016-T-0006, 2017-Ohio-891, ¶27, quoting *State v. Reed,* 6th Dist. Erie No. E–11–049, 2012-Ohio-5983, ¶12. *Accord State v. Blankenship*, 5th Dist. Delaware No. 16 CAA 0024, 2017-Ohio-7267, ¶56; *State v. Brown*, 2d Dist. Montgomery No. 25653, 2014-Ohio-2551, ¶23; *State v. Darks,* 10th Dist. Franklin No. 12AP-578, 2013-Ohio-176, ¶11; *State v. Ballou,* 8th Dist. Cuyahoga No. 95733, 2011-Ohio-2925, ¶16, citing *Durain v. Sheldon*, 122 Ohio St.3d 582, 2009-Ohio-4082, ¶1. "'[T]he trial court need not announce at the sentencing hearing nor include in the sentencing judgment the applicable

7

postrelease control sanction for each individual offense irrespective of whether the terms of control are identical or different." *McBride*, *supra*, at ¶27, quoting *Reed*, *supra*, at ¶12.

{¶27} Appellant was convicted of multiple second- and third-degree felonies that were not offenses of violence or sex offenses. Therefore, postrelease control is mandatory for a period of three years for the second-degree felonies and discretionary for a period of up to three years for the third-degree felonies. R.C. 2967.28(B)(2) & (C).

{¶28} The trial court properly advised appellant that he was subject to mandatory postrelease control for three years, the period that would expire last, at both the plea hearing and the sentencing hearing, and that notification was included in the court's sentencing entry. Additionally, the trial court properly advised appellant of the consequences for violating postrelease control or any condition thereof at the plea and sentencing hearings, and that information was also included in the sentencing entry.

{¶29} The postrelease control portion of appellant's sentence is not void.

{¶30} Appellant's second assignment of error is without merit.

{¶31} Appellant's third assignment of error states:

{¶32} "The court below applied the wrong standard when it reviewed Mr. Miller's Crim.R. 32.1 motion under a manifest injustice standard."

{¶33} Under this assignment of error, appellant asserts his post-sentence motion to withdraw his guilty plea should have been treated as a pre-sentence motion because it was filed after the trial court entered a "void" sentence. Appellant's assertion that his sentence is "void" is based on the argument under his second assignment of error that the trial court did not properly impose postrelease control.

{¶34} Presentence motions to withdraw guilty pleas under Crim.R. 32.1 are to be "freely and liberally granted." *State v. Xie*, 62 Ohio St.3d 521, 527 (1992). After sentence, however, such motions are to be granted only upon a showing of "manifest injustice." Crim.R. 32.1.

{¶35} Appellant relies on *State v. Boswell*, 121 Ohio St.3d 575, 2009-Ohio-1577, for the proposition that a defendant who was not properly informed of postrelease control is to be treated as though he or she had not yet been sentenced (i.e., a "void" sentence). *Boswell*, however, has been superseded by R.C. 2929.191, which provides for the correction of sentences in which the defendant did not receive proper postrelease control notifications. *See State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, ¶27; *see also State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, ¶26 (holding that when a judge fails to properly impose postrelease control, only that portion of the sentence is void).

{¶36} When only the postrelease control portion of a sentence is void, a motion to withdraw a guilty plea filed after imposition of sentence must be construed as a post-sentence motion. *See State v. Dudas*, 11th Dist. Lake No. 2011-L-093, 2012-Ohio-2121, ¶29-30. *Accord State v. Christie*, 3d Dist. Defiance No. 4-10-04, 2011-Ohio-520, ¶25; *State v. Thomas*, 1st Dist. Hamilton Nos. C-100411 & C-100412, 2011-Ohio-1331, ¶16; *State v. Bell*, 8th Dist. Cuyahoga No. 95719, 2011-Ohio-1965, ¶22; *State v. Hazel*, 10th Dist. Franklin Nos. 10AP-1013 & 10AP-1014, 2011-Ohio-4427, ¶17; *State v. Montgomery*, 5th Dist. Guernsey No. 10CA42, 2011-Ohio-6145, ¶13; *State v. Beachum*, 6th Dist. Sandusky Nos. S-10-041 & S-10-042, 2012-Ohio-285, ¶21; *State v. Easterly*, 7th Dist. Mahoning No. 12 MA 208, 2013-Ohio-2961, ¶19.

{¶37} We have already determined the postrelease control portion of appellant's sentence is not void. Even assuming the trial court failed to properly impose postrelease control, only that portion of his sentence would be deemed void. Therefore, the trial court correctly considered appellant's motion to withdraw his guilty plea as a post-sentence motion and applied the correct standard of review.

{¶38} Appellant's third assignment of error is without merit.

{¶39} The judgment of conviction and the denial of appellant's motion to withdraw his guilty plea, entered by the Geauga County Court of Common Pleas, are hereby affirmed.


THOMAS R. WRIGHT, P.J.,

CYNTHIA WESTCOTT RICE, J.,

concur.