[Cite as *State v. Miller*, 2019-Ohio-2974.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2019-G-0189** |
| RAYMOND A. MILLER, | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Geauga County Court of Common Pleas.
Case No. 2017 C 000001.

Judgment: Affirmed in part and reversed in part; remanded.

*James R. Flaiz*, Geauga County Prosecutor, and *Nicholas A. Burling*, Assistant Prosecuting Attorney, Courthouse Annex, 231 Main Street, Suite 3A, Chardon, OH 44024 (For Plaintiff-Appellee).

*Raymond A. Miller*, pro se, PID: A702-482, Lorain Correctional Institution, 2075 South Avon-Belden Road, Grafton, OH 44044 (Defendant-Appellant).

TIMOTHY P. CANNON, J.

{¶1}    Appellant, Raymond A. Miller, appeals an entry of the Geauga County Court of Common Pleas, denying his Petition to Vacate or Set Aside Judgment of Conviction or Sentence. The judgment is affirmed in part and reversed in part, and the matter is remanded for further proceedings consistent with this opinion.

{¶2}    On July 12, 2017, pursuant to a plea agreement, appellant pled guilty to five felony charges and was sentenced to twenty years in prison. Following the sentencing

hearing, appellant filed a pro se motion to withdraw his guilty plea, alleging ineffective assistance of counsel, which the trial court denied.

{¶3} Appellant noticed a direct appeal from the judgment of conviction and the denial of his motion to withdraw his guilty plea. *State v. Miller*, 11th Dist. Geauga No. 2017-G-0136, 2018-Ohio-4379. In his first assignment of error, appellant asserted he was deprived of his constitutional right to the effective assistance of counsel. *Id.* at ¶12. Specifically, he argued ineffective assistance due to counsel's (1) lack of motion practice and waiver of appellant's speedy trial rights; (2) failure to alert the trial court of a "near" error regarding postrelease control; and (3) informing appellant that his wife/co-defendant would be charged with contempt of court if she refused to testify against him, which resulted in appellant feeling "threatened" and "obligated" to plead guilty. *Id.* at ¶16-18.

{¶4} This court affirmed the trial court's judgments on October 29, 2018. *Id.* at ¶39. We concluded appellant's first two arguments under his ineffective assistance of counsel claim were without merit. *Id.* at ¶16-17. With regard to the third argument, we held, in pertinent part, as follows:

> Finally, the merits of this argument, and appellee's response, largely rely on alleged conversations that took place between appellant and defense counsel, as well as agreements allegedly made by appellant's wife as part of her own plea agreement. These types of matters that are de hors the trial court record cannot be addressed in this appeal. An allegation that appellant's guilty plea was not voluntary because defense counsel allegedly 'threatened' him to plead guilty during a private conversation must be raised in a petition for post-conviction relief.

*Id.* at ¶18, citing *State v. Price*, 11th Dist. Trumbull No. 2013-T-0088, 2015-Ohio-944, ¶29, and *State v. Hathaway*, 2d Dist. Greene No. 2014-CA-13, 2015-Ohio-5488, ¶18.

{¶5} On November 26, 2018, appellant appealed this court's decision to the Supreme Court of Ohio. The Supreme Court declined jurisdiction on February 6, 2019.

2

{¶6} On November 8, 2018, prior to filing his appeal in the Supreme Court, appellant petitioned the trial court, pro se, in a document entitled, "Petition to Vacate or Set Aside Judgment of Conviction or Sentence (Evidentiary Hearing Requested)." The first paragraph explains that appellant "petitions this Court for Post-Conviction relief pursuant to R.C. 2953.21 to vacate petitioner's conviction on the basis that it is void and/or voidable under the United States and/or Ohio Constitution. Petitioner sets forth below operative facts to establish substantive grounds for relief, R.C. 2953.21(C)." Appellant set forth two claims for relief:

> [1.] Mr. Miller's Conviction and Sentence are void and/or voidable. Mr. Miller was denied his Constitutional Rights to Effective Assistance of Counsel when defense counsel coerced Mr. Miller into entering a guilty plea with the continuous threats of Miller's wife/co-defendant testifying against Miller. This is a violation of Mr. Miller's Sixth Amendment, U.S. Constitution; Section 10, Article 1, Ohio Constitution, right to effective assistance of counsel.

> [2.] Mr. Miller was denied his constitutional rights to effective assistance of counsel as defense counsel failed to investigate and/or challenge the state's case. Sixth Amendment, U.S. Constitution; Section 10, Article 1, Ohio Constitution; Compulsory Process and his Fifth and Fourteenth Amendment, U.S. Constitution; Section 16, Article 1, Ohio Constitution; Due Process.

{¶7} The trial court denied the petition on January 10, 2019, stating:

> Defendant makes several arguments alleging ineffective assistance of counsel and error on the part of the court in denying his motion to withdraw his guilty plea. The Court finds that Defendant raised these issues in his appeal to the 11th District Court of Appeals, the Court of Appeals affirmed the Trial Court's decision. Defendant has now appealed his case to the Ohio Supreme Court.

> Unless the matter is remanded by an appellate court, this Court does not have jurisdiction to consider the issues raised by the Defendant.

{¶8} This matter is now before us upon appellant's pro se appeal, in which he raises the following two assignments of error:

3

[1.] The trial court abused its discretion in denying Mr. Miller's timely filed postconviction relief petition pursuant to R.C. 2953.21 [for] the reasons that Mr. Miller raised these issues on direct appeal (principle of res judicata)[.] This violated Mr. Miller's right under the Sixth Amendment to the United States Constitution and Article One, Section Ten of the Ohio Constitution. [sic.]

[2.] The trial court abused its discretion in denying Mr. Miller's timely filed petition for postconviction relief pursuant to R.C. 2953.21 for the reasons that the trial court lacked jurisdiction to consider Mr. Miller's instant postconviction relief petition due to Mr. Miller's direct appeal was pending in The Supreme Court of Ohio. [sic.]

**{¶9}** Appellant argues the trial court erred in denying his postconviction petition. The trial court denied appellant's petition without a hearing due to an alleged lack of jurisdiction and because it determined his arguments were barred by the doctrine of res judicata. We review jurisdictional issues de novo. *State v. Rue*, 11th Dist. Trumbull No. 2018-T-0092, 2019-Ohio-1720, ¶5. Application of the doctrine of res judicata is also reviewed de novo. *State v. Miller*, 11th Dist. Lake No. 2018-L-055, 2018-Ohio-5192, ¶14; *but see State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, ¶25 (citations omitted) (noting that courts have the discretion *not* to apply the doctrine of res judicata "in particular situations as fairness and justice require").

**{¶10}** R.C. 2953.21, Ohio's postconviction relief statute, provides, in pertinent part:

(A)(1)(a) Any person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.

* * *

4

(D) The court shall consider a petition that is timely filed under division (A)(2) of this section even if a direct appeal of the judgment is pending. Before granting a hearing on a petition filed under division (A) of this section, the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner[.] * * * If the court dismisses the petition, it shall make and file findings of fact and conclusions of law with respect to such dismissal. * * *

* * *

(F) Unless the petition and the files and records of the case show the petitioner is not entitled to relief, the court shall proceed to a prompt hearing on the issues even if a direct appeal of the case is pending.

{¶11} "In a petition for post-conviction relief, which asserts ineffective assistance of counsel, the petitioner bears the initial burden to submit evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel and that the defense was prejudiced by counsel's ineffectiveness." *State v. Jackson*, 64 Ohio St.2d 107 (1980), syllabus. "For purposes of determining whether there are substantive grounds for postconviction relief that would warrant a hearing, it is generally accepted that affidavits presented in support of the petition should be accepted as true." *State v. Pierce*, 127 Ohio App.3d 578, 586 (11th Dist.1998). The "statute does not expressly mandate a hearing for every post-conviction relief petition and, therefore, a hearing is not automatically required." *Jackson*, *supra*, at 110.

{¶12} The doctrine of res judicata is applicable to all postconviction proceedings. *State v. Adams*, 11th Dist. Trumbull No. 2003-T-0064, 2005-Ohio-348, ¶38, citing *State v. Szefcyk*, 77 Ohio St.3d 93, 95 (1996). "Under the doctrine, a defendant who was represented by counsel is barred from raising an issue in a petition for postconviction relief if the defendant raised or could have raised the issue at trial or on direct appeal."

5

*Id.*, citing *Szefcyk*, *supra*, at syllabus and *State v. Reynolds*, 79 Ohio St.3d 158, 161 (1997). "'To overcome the res judicata bar, evidence offered dehors the record must demonstrate that the petitioner could not have appealed the constitutional claim based upon the information in the original record.'" *Id.* at ¶39, quoting *State v. Lawson*, 103 Ohio App.3d 307, 315 (12th Dist.1995).

**{¶13}** "The fact that an appellant raised ineffective assistance of counsel claims in a direct appeal does not bar such a claim in a petition for postconviction relief, provided the claim in the postconviction exercise is predicated upon evidence outside the record. We must look to the substance of the argument itself to determine whether it is barred by res judicata." *Id.* at ¶66; *see also Knoefel v. Connick*, 11th Dist. Lake No. 2016-L-131, 2017-Ohio-5642, ¶30-31 (Cannon, J., concurring).

**{¶14}** In appellant's petition, with regard to the second claim for relief, appellant alleged his trial counsel was deficient due to a failure to challenge the state's case by not filing any pretrial or suppression motions and the waiver of appellant's speedy trial rights without his consent. This claim was previously raised and rejected on the merits in appellant's direct appeal. *See Miller*, 2018-Ohio-4379, *supra*, at ¶16-17 (finding the argument not well taken because appellant does not claim these actions precluded him from entering a knowing or voluntary guilty plea). Thus, appellant's second claim for relief in his petition was barred by the doctrine of res judicata.

**{¶15}** We agree with appellant, however, that it was error for the trial court to apply the doctrine of res judicata to his first claim for relief. Under this claim, appellant alleged "the deficient performance is Miller's counsel making threats to get his client to plead." Although appellant did raise this argument on direct appeal, we explicitly held that it could

6

not be addressed therein because it relied on matters de hors the trial court record. *Id.* at ¶18 (stating the claim must be raised in a petition for post-conviction relief).

{¶16} Further, the trial court had jurisdiction to consider the issue. The trial court's statement that it did not have jurisdiction to consider appellant's petition "unless the matter is remanded by an appellate court" was in error. *See* R.C. 2953.21(D) ("The court shall consider a petition that is timely filed under division (A)(2) of this section *even if a direct appeal of the judgment is pending.*") and R.C. 2953.21(F) ("Unless the petition and the files and records of the case show the petitioner is not entitled to relief, the court shall proceed to a prompt hearing on the issues *even if a direct appeal of the case is pending.*") (emphasis added).

{¶17} Appellant's assignments of error have merit, therefore, to the extent indicated.

{¶18} The judgment of the Geauga County Court of Common Pleas is affirmed in part and reversed in part. This matter is remanded for the trial court to consider whether appellant's postconviction petition sets forth substantive grounds for relief that would warrant a hearing, consistent with R.C. 2953.21(D) and (F). *See also Jackson*, *supra*, at 110 (noting "a hearing is not automatically required").


THOMAS R. WRIGHT, P.J.,

CYNTHIA WESTCOTT RICE, J.,

concur.