[Cite as *State v. Miller*, 2020-Ohio-871.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2019-G-0226** |
| RAYMOND A. MILLER, | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Geauga County Court of Common Pleas.
Case No. 2017 C 000001.

Judgment: Affirmed.

*James R. Flaiz*, Geauga County Prosecutor, and *Nicholas A. Burling*, Assistant Prosecuting Attorney, Courthouse Annex, 231 Main Street, Suite 3A, Chardon, OH 44024 (For Plaintiff-Appellee).

*Raymond A. Miller*, pro se, PID: A702-482, Northeast Ohio Correctional Center, 2240 Hubbard Road, Youngstown, OH 44505 (Defendant-Appellant).

TIMOTHY P. CANNON, P.J.

{¶1}  Appellant, Raymond A. Miller, appeals from an entry of the Geauga County Court of Common Pleas, dismissing his petition for postconviction relief without a hearing.  Miller asserts one assignment of error for our review:

{¶2}  "The trial court abused its discretion in dismissing appellant's post-conviction relief petition pursuant to R.C. §2953.21 without a hearing where there were sufficient operative facts alleged that would warrant a hearing."

{¶3} R.C. 2953.21, Ohio's postconviction relief statute, provides in pertinent part:

> (A)(1)(a) Any person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief. * * *
>
> (D) The court shall consider a petition that is timely filed under division (A)(2) of this section even if a direct appeal of the judgment is pending. Before granting a hearing on a petition filed under division (A) of this section, the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner[.] * * * If the court dismisses the petition, it shall make and file findings of fact and conclusions of law with respect to such dismissal. * * *
>
> (F) Unless the petition and the files and records of the case show the petitioner is not entitled to relief, the court shall proceed to a prompt hearing on the issues even if a direct appeal of the case is pending.

{¶4} Miller filed a pro se "Petition to Vacate or Set Aside Judgment of Conviction or Sentence" pursuant to R.C. 2953.21 and two supplements, to which the state of Ohio responded. Miller set forth two claims for relief:

> [1.] Mr. Miller's Conviction and Sentence are void and/or voidable. Mr. Miller was denied his Constitutional Rights to Effective Assistance of Counsel when defense counsel coerced Mr. Miller into entering a guilty plea with the continuous threats of Miller's wife/co-defendant testifying against Miller. This is a violation of Mr. Miller's Sixth Amendment, U.S. Constitution; Section 10, Article 1, Ohio Constitution, right to effective assistance of counsel.
>
> [2.] Mr. Miller was denied his constitutional rights to effective assistance of counsel as defense counsel failed to investigate

2

and/or challenge the state's case. Sixth Amendment, U.S. Constitution; Section 10, Article 1, Ohio Constitution; Compulsory Process and his Fifth and Fourteenth Amendment, U.S. Constitution; Section 16, Article 1, Ohio Constitution; Due Process.

{¶5} The trial court initially denied the petition on January 10, 2019, concluding it did not have jurisdiction to consider Miller's petition and that his arguments were barred by the doctrine of res judicata. This decision was affirmed in part and reversed in part by this court in *State v. Miller*, 11th Dist. Geauga No. 2019-G-0189, 2019-Ohio-2974. The trial court did not err in concluding that Miller's second claim for relief was barred by the doctrine of res judicata. *Id.* at ¶14. It was error, however, for the trial court to apply the doctrine to Miller's first claim for relief. Although Miller had raised the argument in his direct appeal, this court had explicitly held it could not be addressed therein as it relied on matters outside the trial court record. *Id.* at ¶15, citing *State v. Miller*, 11th Dist. Geauga No. 2017-G-0136, 2018-Ohio-4379, ¶18.

{¶6} The matter was remanded for the trial court to consider whether Miller's petition set forth substantive grounds for relief that would warrant a hearing on his first claim for relief, consistent with R.C. 2953.21(D) and (F). *Id.* at ¶18. In his first claim for relief, Miller alleged he received ineffective assistance of counsel "when defense counsel coerced Mr. Miller into entering a guilty plea with the continuous threats of Miller's wife/co-defendant testifying against Miller."

{¶7} On remand, the trial court again dismissed Miller's petition without a hearing on September 3, 2019. The trial court held that Miller's petition did not set forth substantive grounds for relief that would warrant a hearing based on the following findings of fact and conclusions of law:

3

1. Defendant alleges that his defense counsel coerced him into entering a guilty plea with threats of Defendant's wife/co-defendant testifying against Defendant.

2. On Page 6 of Defendant's Petition to Vacate or Set Aside Judgment of Conviction or Sentence, Defendant states "Miller knew of the spousal privilege protecting his wife from being forced to testify against him."

3. While Defendant's case was pending, prior to Defendant's plea, this Court granted Defendant the opportunity to communicate with his wife by mail, and permitted Defendant and his wife to have an "in person" conversation at the courthouse following a pretrial. On Page 5 of Defendant's Petition to Vacate or Set Aside Judgment of Conviction or Sentence, Defendant states that during these visits and through the correspondence, it was made clear that Mrs. Miller was not testifying against her husband.

4. According to Defendant's affidavit, prior to Defendant's plea, Defendant's attorney apologized to Defendant "…for saying my wife is testifying. He stated he was wrong. She is in fact not testifying."

5. In the courtroom, during the change of plea hearing, before the Court accepted Defendant's change of plea, the Court and Defendant engaged in the following colloquy:

> The Court: Thank you. All right. I may have lost track of where I left off. But has your attorney answered all of your questions?
>
> Mr. Miller: Yes, ma'am
>
> The Court: And are you satisfied that you have been well represented?
>
> Mr. Miller: Yes, Ma'am
>
> ***
>
> The Court: Besides what's contained in this agreement, has anyone made any threats, promises or

4

> other inducements to you in order to get you to enter into this agreement?
>
> Mr. Miller: No, ma'am.
>
> ***
>
> The Court: Okay. Do you have any questions, or do you need more time to talk to your attorney at this point?
>
> Mr. Miller: No, ma'am.
>
> Plea T. pp. 6-7.

6. Any error committed by Defendant's attorney in stating that Defendant's wife was going to testify against Defendant at trial was corrected when Defendant's attorney apologized and stated that she was not testifying. This was corrected, by Defendant's own account, prior to the change of plea hearing.

7. There was no coercion at the time Defendant changed his plea.

8. Defendant's counsel's mistake in informing Defendant that his wife was going to testify against him, then apologizing to Defendant and telling him that she was not going to testify prior to Defendant's change of plea hearing, does not fall below an objective standard of reasonableness as required by *Strickland v. Washington*, 466 U.S. 668 (1984).

9. Further, Defendant readily admits that his wife told him both in person and in writing that she was not going to testify against him, and his attorney corrected his error and confirmed that Defendant's wife was not going to testify against him prior to Defendant changing his plea. Given that Defendant voluntarily changed his plea after knowing from all sources that his wife was not going to testify against him, there is no evidence that, but for counsel's error "… the result of the proceeding would have been different." *Strickland* at 694.

10. Defendant was not coerced into entering a guilty plea based on the threat that his wife would testify against him.

11. Defendant's post-conviction petition does not set forth substantive grounds for relief that would warrant a hearing, consistent with R.C. 2953.21(D) and (F).

12. Defendant's petition for post-trial relief is dismissed.

{¶8} Our standard of review is whether the trial court abused its discretion in dismissing the petition without a hearing. *State v. Miller*, 11th Dist. Lake No. 2018-L-055, 2018-Ohio-5192, ¶12-13, citing *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, ¶51, citing *State v. Calhoun*, 86 Ohio St.3d 279 (1999), paragraph two of the syllabus.

{¶9} "In a petition for post-conviction relief, which asserts ineffective assistance of counsel, the petitioner bears the initial burden to submit evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel and that the defense was prejudiced by counsel's ineffectiveness." *State v. Jackson*, 64 Ohio St.2d 107 (1980), syllabus. "For purposes of determining whether there are substantive grounds for postconviction relief that would warrant a hearing, it is generally accepted that affidavits presented in support of the petition should be accepted as true." *State v. Pierce*, 127 Ohio App.3d 578, 586 (11th Dist.1998). The "statute does not expressly mandate a hearing for every post-conviction relief petition and, therefore, a hearing is not automatically required." *Jackson*, *supra*, at 110.

{¶10} Upon review, we cannot conclude the trial court abused its discretion by not holding a hearing on Miller's petition. Even accepting the affidavits as true, the evidentiary documents submitted by Miller do not contain sufficient operative facts to demonstrate ineffective assistance of counsel under the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). In other words, Miller has not alleged

6

sufficient operative facts to demonstrate that he would not have pled guilty but for defense counsel's initial incorrect statement and subsequent correction/apology—all of which occurred prior to Miller's plea of guilty and all of which was independently known to Miller as a result of conversations with his wife.

{¶11} Miller's sole assignment of error is without merit.

{¶12} The judgment of the Geauga County Court of Common Pleas is affirmed.


CYNTHIA WESTCOTT RICE, J.,

THOMAS R. WRIGHT, J.,

concur.